

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2006

# Encarnacion-Mendez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3429

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Encarnacion-Mendez v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1254.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1254

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3429
_____

FRANCISCO ENCARNACION-MENDEZ,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
Agency No. A38-013-662
Immigration Judge: Honorable Walter A. Durling
_____

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2006

Before:  SLOVITER, SMITH AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed : April 18, 2006)

_____

OPINION

_____

PER CURIAM

Petitioner Francisco Encarnacion-Mendez, a native and citizen of the Dominican

Republic, was convicted in September 1989 in New York Supreme Court, Kings County,

of Attempted Criminal Sale of a Controlled Substance in the Third Degree, in violation of

N.Y.S. Penal Law § 220.39. He was sentenced to a term of imprisonment of 30 days and 5 years of probation. In July 1990, Mendez was convicted in the same court of Attempted Criminal Possession of a Weapon in the Third Degree, in violation of N.Y.S. Penal Law § 265.02. He was sentenced to a term of imprisonment of 18 months to 3 years.

On May 1, 1996, in prior immigration proceedings, an immigration judge ordered Mendez removed under former Immigration and Nationality Act ("INA") § 241(a)(2)(A)(iii), 8 U.S.C. 1251(a)(2)(A)(iii) (repealed 1996), INA § 241(a)(2)(B)(i), 8 U.S.C. § 1251(a)(2)(B)(i) (repealed 1996), and INA § 241(a)(2)(C), 8 U.S.C. § 1251(a)(2)(C) (repealed 1996), for his aggravated felony, controlled substances, and firearms convictions, respectively.[1] This immigration judge granted Mendez a stay of deportation on March 31, 1998 "to be effective until determination of the Motion to Reopen." The motion to reopen was denied. Meanwhile, Mendez was convicted in June 1997 in New York Supreme Court, Kings County, of Attempted Criminal Sale of a Controlled Substance in the Fifth Degree, in violation of N.Y.S. Penal Law § 220.31, and sentenced to a term of imprisonment of 18 months to 3 years.

Mendez subsequently appealed the immigration judge's denial of his motion to reopen to the Board of Immigration Appeals. He also, through counsel, filed a request for a stay of deportation and a motion for reconsideration with the BIA. The BIA denied a stay of deportation on June 16, 1998, and denied the motion for reconsideration on July

---

[1] These provisions are now located elsewhere in the Immigration and Nationality Act.

16, 1998. Mendez was removed from the United States on or about July 30, 1998. The BIA then dismissed the appeal as moot on December 1, 1999, based upon the deportation. Mendez did not petition for review of this decision.

On or about May 25, 1999, Mendez attempted to re-enter the United States. On that same day, he was served with a Notice to Appear, charging him with removability under INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II), for his convictions relating to a controlled substance, INA § 212(a)(2)(B), 8 U.S.C. § 1182(a)(2)(B), for having two or more criminal convictions, INA § 212(a)(2)(C), 8 U.S.C. § 1182(a)(2)(C), for his convictions relating to drug trafficking, INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), as an inadmissible alien who sought to procure admission by fraud or willful misrepresentation, INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who was not in possession of a valid entry or travel document, and INA § 212(a)(9)(A)(ii), 8 U.S.C. § 1182(a)(9)(A)(ii), as an alien who has been removed and who seeks admission within ten years of removal.

In response, Mendez filed a motion to reopen and to reconsider with the BIA. On March 8, 2000, the BIA denied the motion on the basis that it lacked jurisdiction because an order of deportation had been executed, see In re: G-N-C-, 22 I. & N. Dec. 281 (BIA 1998) (Board does not have jurisdiction to entertain motion to reopen proceedings following alien's deportation pursuant to those proceedings). Mendez did not petition for review of this decision.

On April 6, 2000, Mendez was convicted in United States District Court for the

Eastern District of New York of attempted illegal entry into the United States in violation of 8 U.S.C. § 1326(a). He was sentenced to a term of imprisonment of 77 months.

With that background in mind, we turn now to the instant petition for review. Mendez admitted to his criminal convictions and his attempt to procure admission to the United States by fraud or willful misrepresentation at a hearing held before the Immigration Judge in February 2005. He did not seek relief from removal, but he did appear to collaterally challenge the basis for his underlying criminal convictions. The IJ sustained the charges of inadmissibility, determined that Mendez had no relief available to him, and ordered him removed to the Dominican Republic. Mendez appealed to the BIA, and again appeared to challenge collaterally (on the basis of ineffective assistance of criminal counsel) the convictions that formed the basis of his removal order. On June 27, 2005, the BIA affirmed without opinion pursuant to 8 C.F.R. § 1003.1(e)(4). Mendez, currently in immigration custody in York County Prison, has petitioned for review.

We will deny the petition for review. Our jurisdiction is limited by 8 U.S.C. § 1252(a)(2)(C) because of Mendez' controlled substance violations, but, under the REAL ID Act of 2005, we may review questions of law and constitutional issues, 8 U.S.C. § 1252(a)(2)(D). See Jordan v. U.S. Attorney General, 424 F.3d 320, 327 (3d Cir. 2006).

Mendez contends on appeal that he is eligible for section 212(c) relief under Immigration & Naturalization Serv. v. St. Cyr, 533 U.S. 289 (2001), and that the original immigration judge denied him an opportunity to apply for this relief. He asserts that his offenses are not drug trafficking offenses. He also argues that he should not have been

4

deported in 1998 while his motion to reopen was pending before the BIA, because the original immigration judge had granted him a stay of removal on March 31, 1998. He asserts that he attempted to re-enter the United States to attend a pending immigration hearing. Finally, he argues that his detention by immigration authorities is a violation of due process under Zadvydas v. Davis, 533 U.S. 678 (2001). He further notes that he was a lawful permanent resident for more than 5 years prior to his 1998 removal.

The Attorney General has argued that Mendez failed to exhaust his administrative remedies with respect to a waiver under section 212(c) and St. Cyr. In addition, Mendez failed to petition for review of the BIA's December 1, 1999 decision dismissing his appeal, or its March 8, 2000 decision denying his motion to reopen and reconsider, and that any contentions now relating to those proceedings would be untimely under 8 U.S.C. § 1252(b)(1).

We agree that Mendez has failed to exhaust his administrative remedies with respect to the section 212(c) waiver issue. Exhaustion of this issue is required by 8 U.S.C. § 1252(d)(1). See Abdulrahman v. Ashcroft, 330 F.3d 587, 595 (3d Cir. 2003) (citing Alleyne v. Immigration & Naturalization Serv., 879 F.2d 1177, 1182 (3d Cir. 1989)). Mendez did not seek a section 212(c) waiver at his 2005 removal hearing nor did he argue that he was eligible for one under St. Cyr on appeal to the BIA.

We also agree that we lack authority to review Mendez' claim that the original immigration judge denied him the opportunity in 1998 to apply for a section 212(c) waiver, and his claim that he was deported while a stay of deportation was in effect. All

challenges to the prior immigration proceedings are untimely under 8 U.S.C. § 1252(d)(1) (providing for a 30 day appeal period).  The time period for filing a petition for review is an emphatic time prescription that is not subject to equitable tolling, and our duty to dismiss untimely claims is mandatory where the Attorney General objects on the basis of untimeliness.  See Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 405 (1995), as modified by Eberhart v. United States, 126 S. Ct. 403, 406-07  (U.S. 2005) (per curiam).

Finally, Mendez raises no issues on appeal with respect to the IJ's February 8, 2005 order of removal, or the BIA's June 27, 2005 order affirming, and his argument that his current detention is in violation of due process lacks merit.  In Zadvydas, 533 U.S. at 689, the Supreme Court interpreted 8 U.S.C. § 1231(a)(6) to limit post-removal order detention to a period reasonably necessary to bring about the alien's removal, generally no more than six months.  After six months, the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future."  Id. at 701.  Mendez has made no showing whatever that there is "no significant likelihood of removal in the reasonably foreseeable future."  Id.

We will deny the petition for review.