UNITED STATES of America, Appellee

v.

James McLAUGHLIN, Appellant.

No. 05–3061.

United States Court of Appeals, District of Columbia Circuit.

Nov. 8, 2006.

Roy Wallace McLeese, III, Assistant U.S. Attorney, Thomas J. Tourish, Jr., Assistant U.S. Attorney, Kenneth L. Wainstein, U.S. Attorney, John Witherspoon Borchert, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

M. Elizabeth Kent, Law Office of M. Elizabeth Kent, Washington, DC, for Defendant–Appellant.

Before: ROGERS, GARLAND, and KAVANAUGH, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

**ORDERED** and **ADJUDGED** that the appeal be dismissed as untimely under

Federal Rule of Appellate Procedure 4(b)(1)(A).

Defendant James McLaughlin pled guilty to one count of Social Security fraud in violation of 42 U.S.C. § 408(a)(4). On February 4, 2005, he was sentenced to five years of probation with six months of home confinement and ordered to pay restitution in the amount of $65,816.59. In this appeal, McLaughlin attacks the validity of his plea on a number of grounds, and further contends that the district court was not authorized to order restitution.

The timing of a criminal appeal is governed by Federal Rule of Appellate Procedure 4(b)(1), which states that "a defendant's notice of appeal must be filed in the district court within 10 days after ... the entry of either the judgment or the order being appealed." We cannot extend the time for filing beyond that provided by Rule 4, and we must dismiss an appeal if notice is not timely filed. *See United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960) (holding that the ten-day rule is "mandatory and jurisdictional"). In this case, although the district court's judgment was entered on March 14, 2005, notice of appeal was not filed until April 19, 2005—long after the Rule 4 period had expired. McLaughlin urges us to hear his appeal, however, because it was timely filed with respect to an order modifying the conditions of his probation that was not entered until April 14. He argues that, because the district court deferred its determination of the schedule for payment of restitution until that later order, the March 14 judgment was not "final" and therefore not appealable. *See* 28 U.S.C. § 1291.

McLaughlin's contention is without merit. When the district court imposed sentence, both the court and the parties understood the judgment to be final and immediately appealable, notwithstanding the absence of a payment schedule. Sentencing Hr'g Tr. 31–32 (Feb. 4, 2005) (statement by the court accepting the parties' agreement that it "impose a sentence today," and advising that "Mr. McLaughlin has ten days from today to note an appeal of the court's sentence."). If McLaughlin were seeking to challenge the payment schedule set in the April 14 order, his notice of appeal would be timely. All of his claims, however, arise from matters that were fully and finally determined by the March 14 judgment. The subsequent entry of an order modifying the conditions of McLaughlin's probation did not restart the Rule 4 clock for the appeal of his underlying conviction and sentence.

In the alternative, McLaughlin suggests that, after *Eberhart v. United States,* 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005), this court has discretion to hear his appeal notwithstanding its untimeliness. This argument is also unavailing. *Eberhart* did clarify that *Robinson's* statement—that the ten-day rule is "mandatory and jurisdictional"—does not refer to subject matter jurisdiction. *Id.* at 406. Hence, the government may waive a Rule 4 objection. *Id.* But the government did not waive its objection here, and *Eberhart* makes clear that, in such circumstances, "the court's duty to dismiss the appeal [is] mandatory." *Id.* Accordingly, we must dismiss McLaughlin's appeal as untimely.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* D.C.Cir. R. 41(a)(1).