**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BOBBY FITZGERALD PRINCE, SR.,

Defendant-Appellant.

No. 07-6259
(Nos. 5:07-CV-00795-L and
CR-04-189-1-L)
(W.D. Okla.)

**ORDER**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

*Pro se* Defendant Bobby Fitzgerald Prince, Sr., seeks a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion as untimely. In early 2005, Defendant pled guilty to knowingly transporting two individuals under the age of sixteen in interstate commerce with the intent that they engage in prostitution, in violation of 18 U.S.C. § 2423(a). He was sentenced to 150 months' imprisonment in June 2005.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

As part of his plea, Defendant waived his right to appeal. However, on September 19, 2005, 108 days after the judgment and sentence were entered on the court docket, Defendant filed a motion requesting the district court to grant him leave to file a notice of appeal under 18 U.S.C. § 3742 out of time. The district court refused to grant the requested relief, finding Defendant had not met his burden of providing a sufficient reason for failing to comply with the filing requirements.[1] We agreed with the district court's dismissal of the motion, *United States v. Prince*, 193 F. App'x 798, 800 (10th Cir. 2006), and the Supreme Court denied certiorari on January 8, 2007, *Prince v. United States*, 127 S. Ct. 1013 (2007).

Defendant now attempts to contest his sentence through the instant § 2255 motion, filed on July 18, 2007. The district court denied Defendant's § 2255 motion as untimely because he filed it well over one year after his conviction and sentence became final. *See* 28 U.S.C. § 2255 (2006) (providing one-year statute of limitation for § 2255 motions, running from the date on which judgment became final). Defendant argues the judgment against him became final only after the Supreme Court denied certiorari of his request for leave to file a notice of appeal out of time. Therefore, he argues his current § 2255 motion is timely because he filed it within one year of the Supreme Court's denial.

---

[1] *See* Fed. R. App. P. 4(b)(1)(A)(i) (explaining notice of appeal must be filed within ten days after entry of judgment).

-2-

Defendant misunderstands the nature of the prior proceeding. That action involved Defendant's request to file a notice of appeal out of time. It was not a direct criminal appeal of Defendant's sentence and conviction. Defendant failed to file an appeal of his conviction and sentence within ten days of the June 3, 2005 court docket entry. Because he was never granted leave to appeal out of time by any court, his sentence and conviction became final ten days after entry on the court docket, or June 13, 2005. The statue of limitation ran from the June 13, 2005 date, not the January 8, 2007 denial by the Supreme Court of Defendant's petition for certiorari to review the denial of his motion for leave to file a notice of appeal out of time.

Defendant also argues the district court should have construed his original motion for leave to file out of time as a § 2255 motion because that motion was filed within the one-year statute of limitation. We do not address Defendant's argument on this point because his earlier motion is not before us. We consider only whether Defendant is entitled to a certificate of appealability to appeal the district court's denial of the instant § 2255 motion. To make this determination, we consider whether Defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). To meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

We conclude Defendant has not met this burden and thus **DENY** his request for a certificate of appealability and **DISMISS** the appeal. We **GRANT** Defendant's petition to proceed *in forma pauperis*.

Entered for the Court

Monroe G. McKay
Circuit Judge