In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-1555

HANS G. HEITMANN, *et al.*,

*Plaintiffs-Appellees*,

*v.*

CITY OF CHICAGO, ILLINOIS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
Nos. 04 C 3304 & 04 C 5712—**Sidney I. Schenkier**, *Magistrate Judge.*

ARGUED SEPTEMBER 22, 2008—DECIDED MARCH 25, 2009

Before EASTERBROOK, *Chief Judge*, and ROVNER and
WILLIAMS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. State and local governments
are entitled to offer compensatory time off in lieu of
overtime pay, if employees agree to this procedure. 29
U.S.C. §207(*o*). See *Christensen v. Harris County*, 529 U.S.
576 (2000). With the assent of the police officers' union,
Chicago has implemented a comp-time program. In this
suit, some of the officers who have accumulated credits
under the program contend that Chicago has made the

leave too hard to use. A magistrate judge, presiding by the parties' consent, agreed with plaintiffs and entered a detailed injunction specifying how Chicago must handle all future applications for compensatory leave. 2007 U.S. Dist. LEXIS 67684 (N.D. Ill. Sept. 11, 2007) (decision on merits); 2008 U.S. Dist. LEXIS 12983 (N.D. Ill. Feb. 21, 2008) (injunction).

The parties' dispute concerns the effect of §207($o$)(5):

> An employee of a public agency which is a State, political subdivision of a State, or an interstate governmental agency—
>
> > (A) who has accrued compensatory time off authorized to be provided under paragraph (1), and
> >
> > (B) who has requested the use of such compensatory time,
>
> shall be permitted by the employee's employer to use such time within a reasonable period after making the request if the use of the compensatory time does not unduly disrupt the operations of the public agency.

Plaintiffs say that a need to consider "undue disruption" supposes a particular time, so that employees are entitled to leave on a date and time of their own choosing, unless this would mean that too few police officers remained available for service. Chicago reads the language to mean that the Police Department, rather than the officer, gets to name the date and time for leave. Officers may submit requests; all the Department need do is offer

some leave within a "reasonable time" of the request. The only effective restraint, in the City's view, is that officers may not accumulate more than 480 hours of leave. Compensatory time is granted whenever an officer works more than 171 hours in any 28-day period. (Ninety minutes of comp time are awarded for each extra hour worked.) Once any given officer accumulates more than 480 hours, future overtime must be paid in cash. As long as it keeps the balance below 480 hours per officer, the City submits, it gets to call the shots about when the leave may be used.

After the parties collected extensive evidence, the magistrate judge found it undisputed that the Police Department does not have any policy about how and when leave may be used; decisions are left to each watch commander or shift supervisor. Most commanders or supervisors, most of the time, grant or reject applications for leave on a specific day without giving reasons. They do not attempt to get a substitute for a person who wants time off; instead they ask whether the shift or unit still would have enough personnel if leave were granted and no other change were made. If an application is granted, the supervisor or commander may or may not give the officer the date and time requested. If the application is denied, it is not put in a queue for use at the next time when leave would not "unduly disrupt" operations; instead the application is returned to the officer, who is told to apply again—but without any guidance about when leave could be made available without undue disruption. The Department does not keep records of requests for compensatory

leave, so we do not know how often officers get to take time off on the dates they request, or even how many times they must apply (on average) to have any leave granted.

The magistrate judge concluded that these informal procedures fail to ensure that each worker gets to use leave within a reasonable time, and do not ensure that officers get their choice of dates for leave unless undue disruption would ensue. He issued an injunction to supply the rules he thought needed. Choosing that remedy was a misstep.

The Fair Labor Standards Act allows injunctions, 29 U.S.C. §217, but equitable relief is appropriate only when the remedy at law is inadequate. See *Sampson v. Murray*, 415 U.S. 61 (1974). Comp time is a substitute for over-time pay. If an employer fails to honor the statutory conditions for using compensatory leave in lieu of over-time pay, then it must pay time-and-a-half for most overtime hours (and double time for some). Any injury is compensable by money; a larger paycheck is the normal remedy under the Fair Labor Standards Act, and it is hard to see why money damages would be inade-quate for an employer's violation of §207(*o*)(5).

That's not all. Injunctive relief under §217 is permissible only in suits by the Secretary of Labor. 29 U.S.C. §211(a) ("Except as provided in section 212 of this title, the Ad-ministrator shall bring all actions under section 217 of this title to restrain violations of this chapter."). See *Howard v. Springfield*, 274 F.3d 1141, 1145 (7th Cir. 2001). (The exception in §212 deals with child labor and does not

affect this suit.) Injunctions can cause major disruptions to an employer's practices, even though most employees are satisfied with them, and can be impossible to bargain around. The statute leaves the heavy artillery to public officials—or to unions through collective bargaining. The police union could bargain for the sort of changes that these plaintiffs want to see made; so far, however, most officers seem willing to accept the City's practices. (Plaintiffs in this representative action are a small fraction of all police officers in Chicago.) A regulatory injunction is hard to administer, and although Congress was willing to involve the judiciary in this process when the Secretary serves as the principal monitor, allowing a handful of disgruntled employees (and their lawyer) to serve as monitors, displacing their representative in collective bargaining, would be unfortunate.

We stayed the injunction and asked the parties how it could be sustained, given §211(a) and the irreparable-injury requirement; they agree that it cannot be. The City goes further and contends that §211(a) deprives the district court of subject-matter jurisdiction, so that the suit must be dismissed even though Chicago did not call §211(a) to the district court's attention. But jurisdiction depends not on §217, which just specifies one potential remedy, but on 28 U.S.C. §1331, for plaintiffs' claim arises under federal law. There is a further grant of subject-matter jurisdiction in 29 U.S.C. §216(b) for suits alleging violations of §207. The Supreme Court requires us to distinguish between true jurisdictional limits and mandatory case-processing rules. See *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006); *Eberhart v. United States*, 546

U.S. 12 (2005); *Kontrick v. Ryan*, 540 U.S. 443 (2004). Section 211(a) is on the claim-processing side of this line. It is mandatory, and having been invoked will be enforced, but this does not require us to throw the suit out of court and compel plaintiffs to start from scratch.

If plaintiffs have a good claim, then they are entitled to some relief—whether damages, a declaratory judgment (a simple one, shorn of all the regulatory apparatus of the magistrate judge's injunction), or a combination of the two is a question best addressed in the district court. Prevailing parties get the relief to which they are entitled, no matter what they ask for. Fed. R. Civ. P. 54(c). So we turn to the merits.

Chicago's position that the employer may disregard an employee's request for a particular date off has the support of *Houston Police Officers' Union v. Houston*, 330 F.3d 298 (5th Cir. 2003), and *Mortensen v. Sacramento*, 368 F.3d 1082 (9th Cir. 2004). Plaintiffs' view that the "undue disruption" criterion supposes that employees may designate when they will go on leave, unless that date or time would be too disruptive, has the support of *Beck v. Cleveland*, 390 F.3d 912 (6th Cir. 2004), plus 29 C.F.R. §553.25. And plaintiffs say that their position also has the Supreme Court's support.

*Christensen* holds that an employer may compel workers to use compensatory leave, even though the workers would prefer to accumulate more (so that it could be used for long vacations). The Court summed up what it understood to be the effect of §207($o$)(5) this way: "the better reading of § 207($o$)(5) is that it imposes a restriction upon

an employer's efforts to *prohibit* the use of compensatory time when employees request to do so; that provision says nothing about restricting an employer's efforts to *require* employees to use compensatory time." 529 U.S. at 585 (emphasis in original). Plaintiffs read this language as an endorsement of their position. We don't think that's right. The passage "when they request to do so" does not (at least, need not) imply that the Justices were thinking "request to do so at a particular date and time"; the point of the passage was to say that §207(*o*)(5) deals with employers' responses to employees' requests, not with employers' insistence that leave be used promptly. Nothing in the Supreme Court's language addresses whether employees' requests may designate a date and time for leave—or how employers must respond if they do.

But 29 C.F.R. §553.25 does cover those subjects. It provides:

(a) Section 7(*o*)(5) of the FLSA provides that any employee of a public agency who has accrued compensatory time and requested use of this compensatory time, shall be permitted to use such time off within a "reasonable period" after making the request, if such use does not "unduly disrupt" the operations of the agency. This provision, however, does not apply to "other compensatory time" (as defined below in §553.28), including compensatory time accrued for overtime worked prior to April 15, 1986.

(b) Compensatory time cannot be used as a means to avoid statutory overtime compensation. An

employee has the right to use compensatory time earned and must not be coerced to accept more compensatory time than an employer can realistically and in good faith expect to be able to grant within a reasonable period of his or her making a request for use of such time.

(c) Reasonable period. (1) Whether a request to use compensatory time has been granted within a "reasonable period" will be determined by considering the customary work practices within the agency based on the facts and circumstances in each case. Such practices include, but are not limited to (a) the normal schedule of work, (b) anticipated peak workloads based on past experience, (c) emergency requirements for staff and services, and (d) the availability of qualified substitute staff. (2) The use of compensatory time in lieu of cash payment for overtime must be pursuant to some form of agreement or understanding between the employer and the employee (or the representative of the employee) reached prior to the performance of the work. (See §553.23.) To the extent that the conditions under which an employee can take compensatory time off are contained in an agreement or understanding as defined in §553.23, the terms of such agreement or understanding will govern the meaning of "reasonable period".

(d) Unduly disrupt. When an employer receives a request for compensatory time off, it shall be

honored unless to do so would be "unduly disruptive" to the agency's operations. Mere inconvenience to the employer is an insufficient basis for denial of a request for compensatory time off. (See H. Rep. 99-331, p. 23.) For an agency to turn down a request from an employee for compensatory time off requires that it should reasonably and in good faith anticipate that it would impose an unreasonable burden on the agency's ability to provide services of acceptable quality and quantity for the public during the time requested without the use of the employee's services.

Subsection (c) says that the terms of an agreement or understanding between employer and employees govern the conditions under which an employee may use compensatory leave. The collective bargaining agreement between Chicago and the police officers' union does not contain those terms. That makes subsection (d) controlling.

Subsection (d) reads "unduly disrupt" just as plaintiffs do. The Secretary of Labor has determined that an employer must approve leave "during the time requested" by the employee, unless that "would impose an unreasonable burden on the [employer's] ability to provide services of acceptable quality and quantity for the public". And the Secretary added that inconvenience to an employer is an insufficient basis to deny a request.

Chicago asks us to disregard this regulation as inconsistent with the statute, which the City deems "clear." Section 207(*o*)(5) is anything but clear. Words such as

"reasonable" and "undue" are open-ended. They need elaboration, and the relation between these requirements needs explication. Here the agency has added vital details, and its work prevails under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), unless it represents an implausible resolution. There's nothing unreasonable about the agency's approach, which makes compensatory leave more attractive to workers and hence a more adequate substitute for money, the Fair Labor Standards Act's principal response to over-time work.

Under §553.25(d), a worker proposes a date and time for leave. The employer decides whether time off then would cause undue disruption, and if it would the em-ployer has a reasonable time to grant leave on some other date. On Chicago's view, the employee cannot ask for a particular date or time, but only for *some* leave; and if any time off within a reasonable time after the request would cause undue disruption, then the employee must wait longer—must wait, by definition, for an *un*reasonable time. That can't be right. Chicago's view produces an implausible relation between the "reasonable time" and "undue disruption" clauses. The regulation makes sense when specifying that the employer must ask whether leave on the date and time requested would produce undue disruption, and only if the answer is yes may the employer defer the leave—and then only for a "reason-able time."

As it happens, Chicago could not prevail on this appeal even if we had agreed with its reading of §207(*o*)(5),

because the City does not treat a police officer's request as beginning a reasonable time within which the Police Department must provide compensatory time off. Chicago receives written requests that it either grants or denies; if a request is not granted immediately then the form is returned—without reasons, without recourse, and without any effort to schedule leave within a "reasonable time." Now it may be that, by submitting one request after another, most officers can secure some leave within a reasonable time of the initial request. But Chicago does not keep records to show that this occurs, and the evidence in this suit did not permit the magistrate judge to determine the mean, median, and standard deviation in the length of delay between an initial request and the eventual grant of compensatory leave. It is therefore not possible to say, on this record, that Chicago is complying with the "reasonable time" requirement, no matter how §207($o$)(5) is understood.

Because §207($o$)(5) is ambiguous, the agency enjoys leeway in crafting regulations. Last year the Department of Labor proposed to amend 29 C.F.R. §553.25(c) and (d) so that employees could no longer designate the date and time for leave. 73 Fed. Reg. 43654, 43660–62, 43668 (July 28, 2008). That rulemaking remains open, however. As long as the current version of §553.25 remains in force, the plaintiffs are entitled to prevail.

The injunction is vacated, and the case is remanded for an award of appropriate non-injunctive relief.