| NONPRECEDENTIAL DISPOSITION |
| :---: |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 12, 2009*
Decided August 17, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 08-2062

DALONNO C. JOHNSON,
    *Plaintiff-Appellant*,

    *v.*

CSX TRANSPORTATION, INC., and
UNITED TRANSPORTATION UNION,
    *Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 05 C 5923
George M. Marovich, *Judge*.

**Order**

CSX Transportation (CSXT) fired Dalonno Johnson in 2004 for excessive absenteeism. United Transportation Union contested this decision and ultimately took the matter to arbitration before a Public Law Board, which ruled in CSXT's favor. Johnson then sued both the Union and his ex-employer. The district court granted summary judgment for defendants, because the substance of the Board's decision is not reviewable. See 45 U.S.C. §153 First (q).

CSXT disciplined Johnson repeatedly for absenteeism. The last straw came when Johnson failed to appear on six scheduled work days during February and March 2004. He did not provide CSXT any explanation for not showing up. A hearing under the collective bargaining agreement occurred on June 4, 2004, after four delays at the Union's request. Johnson appeared without counsel and asserted that he was entitled to one; CSXT replied that Johnson had missed his opportunity by not retaining a lawyer before the hearing. Johnson then said that he had medical reasons for his absences, but CSXT was not impressed, given that this explanation was being advanced for the first time—

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

and without any written support from a physician. The Board concluded that, even if Johnson's explanation were honest, CSXT was not obliged to accept it, because in the railroad industry excessive absence for *any* reason justifies a discharge.

Section 153 First (q) permits a court to set aside a Board's decision only if the arbitrators fail to respect the limits of their jurisdiction, or fraud or corruption taints the order. (Whether constitutional errors also are reviewable is a question presented in *Union Pacific R.R. v. Brotherhood of Locomotive Engineers*, cert. granted, 129 S. Ct. 1315 (2009) (to be argued Oct. 7, 2009), but not one that affects this proceeding, as Johnson has not developed in this court any contention that the Board's proceedings violated the due process clause.) Johnson contends that the Board exceeded its jurisdiction. But the arguments he presents are unrelated to the Board's powers, which rest on the Railway Labor Act, the collective bargaining agreement, and the parties' mutual consent.

Johnson presents three contentions: (1) that CSXT did not notify him within five days of his sixth absence, as he believes the CBA requires (instead CSXT gave notice within five days of the end of March 2004, the measuring period for absenteeism); (2) that the hearing was held before he had enough time to retain counsel, and thus the timing violated the CBA; and (3) that discharge is an excessive response to his absences. These arguments are the substantive points made to the Board; they are unrelated to the Board's jurisdiction. Surely Johnson does not believe that, if he had prevailed on one of these arguments, the Board's decision could be set aside (on CSXT's request) because the Board "lacked jurisdiction" to decide them. Jurisdiction is adjudicatory competence. See *Eberhart v. United States*, 546 U.S. 12 (2005); *Kontrick v. Ryan*, 540 U.S. 443 (2004). The Board was competent to entertain argument on these three points and render a decision. That the decision was adverse to the worker does not strip the Board of "jurisdiction." Jurisdiction means the power to decide, one way or the other. The Board heard and resolved Johnson's arguments. Whether that decision is right or wrong, it is final.

AFFIRMED