NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1848
_____

UNITED STATES OF AMERICA

v.

JUSTIN LELAND POOLER,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 09-cr-00398-001)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2011

Before:  BARRY, HARDIMAN and NYGAARD, *Circuit Judges*

(Filed: April 27, 2011)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Justin Leland Pooler appeals from his judgment of conviction and sentence.  We

will affirm.

I

Because we write for the parties, we recount only those facts necessary for our decision. We view the facts in the light most favorable to the Government as the verdict winner. *United States v. Abbott*, 574 F.3d 203, 204 n.1 (3d Cir. 2009).

On the evening of April 7, 2009, Pooler, David Macon, Jr., and Jaquay Roane[1] robbed the Crown Chicken Restaurant in Coatesville, Pennsylvania. Roane and Macon entered the restaurant wearing hooded sweatshirts, while Pooler stood outside as a lookout. During the robbery, Roane brandished a semi-automatic handgun that had been provided to him by Pooler, while Macon removed $190 from one of the cash registers. Macon attempted to open a second register, but was unsuccessful. Macon and Roane exited the restaurant and, along with Pooler, fled to a mutual friend's home. After arriving at their friend's home, they divided the proceeds of the robbery and, later that evening, Roane returned the firearm to Pooler.

The following day, Roane and Pooler were walking in Coatesville, when they noticed police activity nearby. Upon observing the police, Pooler slid the firearm that had been used during the robbery into the pocket of Roane's sweatshirt. Shortly thereafter, a police officer approached the pair and asked them for identification. Roane attempted to flee, but was quickly apprehended by the police. During the struggle, the handgun

---

[1] At the time of the robbery, Pooler and Macon had achieved the age of majority, but Roane was seventeen years old.

slipped out of his sweatshirt pocket, and was recovered by the officers.

After Roane was arrested, he told the police that he, Pooler, and Macon were responsible for the April 7th robbery of the Crown Chicken Restaurant. Roane stated that Pooler had proposed robbing the restaurant and had given Roane the firearm. Two days after Roane's confession, Macon was interviewed and confirmed Roane's account of the incident. The police interviewed Pooler regarding his whereabouts on the evening of the robbery, and he claimed that he had been at home. His mother, however, reported that she had been home on the evening of the robbery and Pooler had not been in the house.

In June 2009, a grand jury returned a three-count indictment charging Pooler and Macon with conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count I); interference with interstate commerce by robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count II); and carrying and using a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count III). Pooler pleaded not guilty and proceeded to trial.[2] After a two-day jury trial, during which Macon and Roane testified against him, Pooler was convicted of Counts I and II, and acquitted of Count III. At sentencing, the District Court imposed a within-Guidelines sentence of 96 months

---

[2] Macon pleaded guilty to all counts alleged in the indictment, and entered into a plea agreement in which he agreed to testify against Pooler in exchange for consideration at his sentencing. Roane pleaded guilty to robbery and related offenses in the Chester

3

imprisonment, three years of supervised release, restitution of $190, a fine of $1,500, and a special assessment of $200. This appeal followed.

II

Pooler challenges both his conviction and sentence. We examine each in turn.[3]

A

Pooler challenges the sufficiency of the evidence supporting his conviction for Count I, conspiracy to interfere with interstate commerce by robbery, and Count II, interference with interstate commerce by robbery.

"Where, as here, a defendant does not preserve the issue of sufficiency of the evidence by making a timely motion for judgment of acquittal at the close of the evidence, this Court reviews the sufficiency of the evidence for plain error." *United States v. Mornan*, 413 F.3d 372, 381 (3d Cir. 2005); FED. R. CRIM. P. 52(b). "Under plain error review, the defendant bears the burden of establishing that the error prejudiced the jury's verdict." *United States v. Wolfe*, 245 F.3d 257, 261 (3d Cir. 2001) (citing *United States v. Turcks*, 41 F.3d 893, 898 (3d Cir. 1994)). "A conviction based on insufficient evidence is plain error only if the verdict 'constitutes a fundamental miscarriage of justice.'" *United States v. Thayer*, 201 F.3d 214, 219 (3d Cir. 1999) (quoting *United*

County Court of Common Pleas.

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

4

*States v. Barel*, 939 F.2d 26, 37 (3d Cir. 1991)).

Pooler argues that the evidence was insufficient to show that he participated in the robbery of the Crown Chicken Restaurant. He claims that "[a]ll that the Government proved, at best, was that [he] was present outside of the [restaurant] when one co-defendant entered the store with a gun and pointed it at hapless individuals and another co-defendant entered the store and emptied a cash register." Appellant's Br. 22. Pooler's argument is unavailing. At trial, Macon and Roane testified that Pooler devised the plan for the robbery and acted as a lookout while it took place. Surveillance footage from the restaurant corroborated their account of the incident, and showed that Pooler entered the restaurant shortly before the robbery in an apparent effort to gather information about the location. Although Pooler claims that the testimony of his accomplices was not credible, in reviewing a sufficiency claim "[w]e do not weigh the evidence or determine the credibility of the witness." *United States v. Jones*, 566 F.3d 353, 361 (3d Cir. 2009). Rather, we must affirm a verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* Under these circumstances, we hold that there was sufficient evidence to conclude that Pooler participated in the robbery.

Pooler also argues that there was insufficient evidence to show that he conspired to rob the restaurant. "[I]n order for us to sustain [Pooler's] conviction for conspiracy, the government must have put forth evidence tending to prove that [he] entered into an

5

agreement and knew that the agreement had the specific unlawful purpose charged in the indictment." *United States v. Reyeros*, 537 F.3d 270, 278 (3d Cir. 2008) (internal quotation marks omitted). Pooler contends that, "[w]hile there may have been talk of robbing a store, there is no proof which would have established that [he] actually joined the agreement." Appellant's Br. 26. Pooler's assertion is belied by the evidence. At trial, both Macon and Roane testified that Pooler not only knew of the robbery, but instigated it. Moreover, Pooler played an active role in the crime by acting as a lookout while his accomplices robbed the restaurant. Viewing this evidence in the light most favorable to the Government, we hold that there was sufficient evidence to support the jury's conclusion that Pooler was guilty of conspiracy.[4]

### B

Pooler also challenges the procedural and substantive reasonableness of his sentence. We review the reasonableness of a sentence for an abuse of discretion. *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010). We exercise plenary review over the District Court's interpretation of the Guidelines, and review its factual findings for clear

---

[4] Pooler also seeks a new trial, arguing that the jury's verdict was against the weight of the evidence. Because Pooler failed to file a post-trial motion for a new trial in the District Court, this issue has been waived on appeal. *See Eberhart v. United States*, 546 U.S. 12, 18-19 (2005). Even if we assume that Pooler had not waived this claim, a new trial is only proper where "the record shows that the jury verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991). On this record, there is no basis for such an extraordinary form of relief.

error.  *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc).  As the

challenging party, Pooler bears the burden of proving that his sentence is unreasonable.

*United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006).

Pooler first contends that the District Court erred in denying his request for a two-

level downward adjustment for being a minor participant in the criminal activity pursuant

to USSG § 3B1.2(b).  The Guidelines define a "minor participant" as a defendant "who is

less culpable than most other participants, but whose role could not be described as

minimal."  USSG § 3B1.2 app. n.5.  Pooler argues that, because he stood outside while

Macon and Roane committed the robbery, his role in the crime was relatively

insignificant.  We have previously stated that "district courts are allowed broad discretion

in applying [the minor participant adjustment], and their rulings are left largely

undisturbed by the courts of appeal."  *United States v. Isaza-Zapata*, 148 F.3d 236, 238

(3d Cir. 1998).  In the instant case, the District Court heard testimony from Macon and

Roane that Pooler had been the original proponent of robbing the restaurant.  Moreover,

as discussed above, Pooler actively participated in the commission of the robbery by

acting as a lookout.  Accordingly, we hold that the District Court did not err in denying

Pooler's request for a downward adjustment.

Pooler next argues that the District Court erred in imposing a two-level

enhancement for using Roane, who was a minor at the time of the offense, to commit a

crime.  Section 3B1.4 provides that "[i]f the defendant used or attempted to use a person

7

less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense, increase by 2 levels." The Guidelines define "[u]sed or attempted to use" as "directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." *Id.* app. n.1. We have previously held that "some affirmative act is necessary beyond mere partnership in order to implicate § 3B1.4." *United States v. Pojilenko*, 416 F.3d 243, 247 (3d Cir. 2005). Pooler argues that Roane was a voluntary participant in the offense, and that he did not engage in an affirmative act to secure Roane's complicity. Pooler's argument is contradicted by the evidence. At trial, Roane testified Pooler initially suggested robbing the restaurant, and recruited Roane and Macon to help him. Based on this testimony, the District Court correctly found that Pooler had encouraged Roane to participate in the robbery. Accordingly, we hold that the District Court did not err in applying the enhancement pursuant to § 3B1.4.

Finally, Pooler argues that his 96-month sentence is substantively unreasonable. In evaluating a challenge to the substantive reasonableness of a sentence, we must affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Based on his convictions and criminal history, Pooler was subject to a Guidelines range of 87 to 108 months imprisonment. At sentencing, Pooler argued that, due to his youth and the lack of sophistication of his

crime, a sentence at the low end of the Guidelines would be "sufficient but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The District Court rejected this argument, noting Pooler's extensive history of juvenile adjudications and the seriousness of the crime he committed. Moreover, the Court reasoned that the use of a gun and Pooler's scouting of the location displayed a level of sophistication that undermined Pooler's argument for leniency. Based on these factors, the Court determined that a sentence in the middle of the Guidelines range was appropriate. Our review of the record reveals adequate support for the District Court's conclusion and accordingly, we find Pooler's sentence to be substantively reasonable.[5]

III

Based on the foregoing, we will affirm Pooler's convictions and sentence.

---

[5] Pooler also argues that the District Court acted unreasonably in imposing a $1,500 fine against him. Pooler failed to object to the amount of the fine at sentencing; therefore, we review his claim for plain error. *United States v. Torres*, 209 F.3d 308, 313 (3d Cir. 2000). At sentencing, the District Court found that Pooler did not have the ability to pay a fine within his Guidelines range of $12,500 to $125,000. Consequently, the Court imposed a fine of $1,500 and informed Pooler that he could participate in the Bureau of Prisons' Inmate Financial Responsibility Program to help pay down the fine. Our review of the record reveals that the District Court adequately considered Pooler's financial characteristics and acted reasonably in imposing the fine. Accordingly, we reject Pooler's claim.