# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20219
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES RAMEY, also known as James Maceo Ramey, also known as James Maceo Ramey, II, also known as Jim Ramey, also known as Henry Ramey, also known as John Shuler, also known as Joe Hill, also known as Frank Bartuka,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-502-1

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

James Ramey, federal prisoner # 29206-179, moves for leave to proceed in forma pauperis (IFP) in appealing the dismissal of his motion for a new trial under Federal Rule of Criminal Procedure 33 and his motion for reconsideration. His motions were based on his argument that no audit of the claims against him was conducted and that newly discovered evidence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indicated that some of the claims against him were false.  He also argued that in view of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Bankruptcy Code and the mail fraud statute are vague.

The district court determined that Ramey's Rule 33 motion was untimely because it was not filed within three years after the verdict or finding of guilty. *See* FED. R. CRIM. P. 33(b)(1).  Although the district court may have abused its discretion in raising the timeliness issue sua sponte in view of *Eberhart v. United States*, 546 U.S. 12, 19 (2005), Ramey did not make the requisite showing for a new trial based on newly discovered evidence under Rule 33.  *See United States v. Reedy*, 304 F.3d 358, 372 (5th Cir. 2002).  Ramey's motion for reconsideration was untimely and therefore unauthorized, and the district court lacked jurisdiction to consider it.  *See United States v. Gomez-Vasquez,* 680 F. App'x 272, 273-74 (5th Cir. 2017).

Ramey has not identified a nonfrivolous issue for appeal.  Accordingly, his motion for leave to appeal IFP is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.  Ramey's motion for bail pending appeal is also DENIED.