# EBERHART v. UNITED STATES

No. 04–9949.   Decided October 31, 2005

PER CURIAM.

Federal Rule of Criminal Procedure 33(a) allows a district court to "vacate any judgment and grant a new trial if the interest of justice so requires." But "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period." Rule 33(b)(2). This deadline is rigid. The Rules provide that courts "may not extend the time to take any action under [Rule 33], except as stated" in Rule 33 itself. Rule 45(b)(2). The Court of Appeals for the Seventh Circuit has construed Rule 33's time limitations as "jurisdictional," permitting the Government to raise non-compliance with those limitations for the first time on appeal. 388 F. 3d 1043, 1049 (2004). However, there is "a critical difference between a rule governing subject-matter jurisdiction and an inflexible claim-processing rule." *Kontrick* v. *Ryan*, 540 U. S. 443, 456 (2004). Rule 33 is an example of the latter. We grant the petition for certiorari and the motion for leave to proceed *in forma pauperis*, and reverse the judgment of the Seventh Circuit.

I

Petitioner Ivan Eberhart was convicted of one count of conspiring to distribute cocaine. On the last day available for post-trial motions, he moved for judgment of acquittal or, in the alternative, for a new trial. That motion raised a single ground for relief—an alleged flaw in a transcript that had been published to the jury. Nearly six months later, petitioner filed a "supplemental memorandum" supporting his motion. Two additional grounds appeared in that filing—admission of potential hearsay testimony into evidence, and the District Court's failure to give a so-called "buyer-seller instruction" to the jury. 388 F. 3d, at 1047–1048. Rather than arguing, however, that the untimeliness of the supplemental memorandum barred the District Court from

considering the issues it raised, the Government opposed it on the merits.

The District Court granted the motion for a new trial, citing all three grounds raised by petitioner. The judge concluded that "'none of these concerns standing alone or in pairing would cause me to grant a new trial,'" but that taken together, they "'persuade me that the interests of justice require a new trial.'" *Id.*, at 1048. The judge also predicted that "'a new trial will quite likely lead to another conviction.'" *Ibid.*

On appeal, the Government pointed to the untimeliness of petitioner's supplemental memorandum, and argued that the District Court had abused its discretion in granting a new trial based on the arguments that the memorandum had raised. The Court of Appeals reversed the grant of a new trial, finding that the District Court had lacked jurisdiction to grant one. The Seventh Circuit observed: "The Supreme Court has held that Rule 45(b)'s prohibition on extensions of time is 'mandatory and jurisdictional.'" *Id.*, at 1049 (quoting *United States* v. *Robinson*, 361 U. S. 220, 229 (1960), and citing *United States* v. *Smith*, 331 U. S. 469, 474, n. 2 (1947)). Based on *Robinson* and *Smith*, the Seventh Circuit explained, "'[w]e have previously emphasized that [Rule 33's] 7-day period is jurisdictional, and that the court is without jurisdiction to consider even an amendment to a timely new trial motion if it is filed outside the seven day period, absent a timely extension by the court or new evidence.'" 388 F. 3d, at 1049 (quoting *United States* v. *Washington*, 184 F. 3d 653, 659 (CA7 1999)).

The Court of Appeals did, however, express some misgiving. After describing the holding of *Kontrick*, it commented that "[t]he reasoning of *Kontrick* may suggest that Rule 33's time limits are merely inflexible claim-processing rules that could be forfeited if not timely asserted." 388 F. 3d, at 1049. It concluded, however, that even if *Kontrick* had undermined *Robinson* and *Smith*, "we are bound to fol-

low them until expressly overruled by the Supreme Court." 388 F. 3d, at 1049 (citing *Agostini* v. *Felton*, 521 U. S. 203, 237 (1997)).

## II

In *Kontrick*, we determined that defenses made available by the time limitations of Federal Rules of Bankruptcy Procedure 4004 and 9006 may be forfeited. 540 U. S., at 458–460. They are not "jurisdiction[al]," but are instead "claim-processing rules," that may be "unalterable on a party's application" but "can nonetheless be forfeited if the party asserting the rule waits too long to raise the point." *Id.*, at 456. In *Kontrick*, the debtor responded on the merits to a creditor's untimely objection to his discharge. He did not raise the untimeliness issue, and the court resolved the merits in favor of the creditor. On motion for reconsideration and on appeal, the debtor raised the argument that Rules 4004 and 9006 "have the same import as provisions governing subject-matter jurisdiction." *Id.*, at 455. We rejected this assertion and found that the debtor had forfeited the timeliness argument.

The Rules we construed in *Kontrick* closely parallel those at issue here. Like a defendant wishing to move for a new trial under Federal Rule of Criminal Procedure 33, a creditor wishing to object to a debtor's discharge in Chapter 7 liquidation proceedings has a set period of time to file with the court (measured, in the latter context, from "the first date set for the meeting of creditors"). Fed. Rule Bkrtcy. Proc. 4004(a). If a creditor so moves, "the court may for cause extend the time to file a complaint objecting to discharge." Rule 4004(b). And using language almost identical to Federal Rule of Criminal Procedure 45(b)(2)'s admonition that "[t]he court may not extend the time to take any action under Rules 29, 33, 34, and 35, except as stated in those rules," Bankruptcy Rule 9006(b)(3) states that "[t]he court may enlarge the time for taking action under Rules 1006(b)(2),

1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules."

It is implausible that the Rules considered in Kontrick can be nonjurisdictional claim-processing rules, while virtually identical provisions of the Rules of Criminal Procedure can deprive federal courts of subject-matter jurisdiction. Nothing in Rules 33 or 45 or our cases requires such a dissonance. Moreover, our most recent decisions have attempted to brush away confusion introduced by our earlier opinions. "Clarity would be facilitated," we have said, "if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." Kontrick, 540 U. S., at 455. We break no new ground in firmly classifying Rules 33 and 45 as claim-processing rules, despite the confusion generated by the "less than meticulous" uses of the term "jurisdictional" in our earlier cases. Id., at 454.

The Seventh Circuit correctly identified our decisions in Smith and Robinson as the source of the confusion. 388 F. 3d, at 1049. Since we have not "expressly overruled" them, it held, petitioner's appeal had to be dismissed. Ibid. Those cases, however, do not hold the limits of the Rules to be jurisdictional in the proper sense that Kontrick describes. See 540 U. S., at 455. We need not overrule Robinson or Smith to characterize Rules 33 and 45 as claim-processing rules.

In Smith, the District Judge rejected a Rule 33 motion for a new trial, and the conviction was affirmed on appeal. 331 U. S., at 470. After the defendant was taken into custody, the District Judge changed his mind. Purporting to act under the authority of Rule 33, he issued an order vacating his earlier judgment and granting a new trial. Id., at 471. Although we observed in a footnote that "[t]he policy of the Rules was not to extend power indefinitely but to confine

it within constant time periods," *id.*, at .473–474, n. 2, that observation hardly transforms the Rules into the keys to the kingdom of subject-matter jurisdiction. Rather, as we emphasized in the text, the District Judge could not use Rule 33 to sidestep a pre-existing basic principle of judicial process—that once a final judgment is issued and the court of appeals considers a case, a district court has no power to act on it further. This was a consequence, however, not of the Rule, but of the Rule's failure to alter prior law. *Smith* does not address the effect of untimely arguments in support of a motion for new trial when, as here, the district court is still considering post-trial motions and the case has not yet been appealed.

Nor does *Robinson* address that circumstance. Defendants were 11 days late in filing their notices of appeal under (what was then) Rule 37. The Government responded not by contesting the merits of the appeal, but by moving to dismiss on the basis of untimeliness. 361 U. S., at 221. The Court of Appeals determined that if the District Court found that the untimely notices of appeal sprang from "excusable neglect," it could allow the appeals. On remand, the District Court so found. *Id.*, at 222. We held that the Court of Appeals was wrong in having failed to dismiss under Rule 45(b). *Id.*, at 229–230. *Robinson* is correct not because the District Court lacked *subject-matter jurisdiction*, but because district courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked. This does not mean that limits like those in Rule 33 are not forfeitable when they are *not* properly invoked. Despite its narrow and unremarkable holding, *Robinson* has created some confusion because of its observation that "courts have uniformly held that the taking of an appeal within the prescribed time is *mandatory and jurisdictional.*" *Id.*, at 229 (emphasis added). Indeed, we used the phrase "mandatory and jurisdictional" four times in the opinion. And subsequent opinions have repeated this phrase,

attributing it directly or indirectly to *Robinson.* See, *e. g., Hohn* v. *United States,* 524 U. S. 236, 247 (1998); *Budinich* v. *Becton Dickinson & Co.,* 486 U. S. 196, 203 (1988); *Griggs* v. *Provident Consumer Discount Co.,* 459 U. S. 56, 61 (1982) *(per curiam); Browder* v. *Director, Dept. of Corrections of Ill.,* 434 U. S. 257, 264, 271–272 (1978). But see *Houston* v. *Lack,* 487 U. S. 266, 269 (1988) (reversing an order dismissing an appeal as jurisdictionally out of time when "[n]either the District Court nor respondent suggested that the notice of appeal might be untimely"); *Thompson* v. *INS,* 375 U. S. 384, 386 (1964) *(per curiam)* (permitting appeal, when petitioner conceded that post-trial motions were served late, in part because petitioner "relied on the Government's failure to raise a claim of untimeliness when the motions were filed").

As we recognized in *Kontrick,* courts "have more than occasionally used the term 'jurisdictional' to describe emphatic time prescriptions in rules of court." 540 U. S., at 454. See also *ibid.* (citing *Robinson* as an example of when we have been "less than meticulous" in our use of the word "jurisdictional"). The resulting imprecision has obscured the central point of the *Robinson* case—that when the Government objected to a filing untimely under Rule 37, the court's duty to dismiss the appeal was mandatory. The net effect of *Robinson,* viewed through the clarifying lens of *Kontrick,* is to admonish the Government that failure to object to untimely submissions entails forfeiture of the objection, and to admonish defendants that timeliness is of the essence, since the Government is unlikely to miss timeliness defects very often.

Our more recent cases have done much to clarify this point. For instance, in *Carlisle* v. *United States,* 517 U. S. 416 (1996), we held that a court may not grant a postverdict motion for a judgment of acquittal that is untimely under Federal Rule of Criminal Procedure 29(c) *when the prosecutor objects.* As we pointedly noted in *Kontrick,* our holding in *Carlisle* did not "characterize [Rule 29] as 'jurisdic-

tional.'" 540 U. S., at 454–455. See also *Scarborough* v. *Principi*, 541 U. S. 401, 413–414 (2004) (relying on *Kontrick* to hold that time limitations on applications for attorney's fees under the Equal Access to Justice Act, 28 U. S. C. § 2412(d)(1), did not implicate subject-matter jurisdiction).

After *Kontrick*, it is difficult to escape the conclusion that Rule 33 motions are similarly nonjurisdictional. By its terms, Rule 45(b)(2) has precisely the same effect on extensions of time under Rule 29 as it does under Rule 33, and as we noted in *Kontrick*, Federal Rule of Criminal Procedure 45(b) and Bankruptcy Rule 9006(b) are both "modeled on Federal Rule of Civil Procedure 6(b)." 540 U. S., at 456, n. 10. Rule 33, like Rule 29 and Bankruptcy Rule 4004, is a claim-processing rule—one that is admittedly inflexible because of Rule 45(b)'s insistent demand for a definite end to proceedings. These claim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits them. Here, where the Government failed to raise a defense of untimeliness until after the District Court had reached the merits, it forfeited that defense. The Court of Appeals should therefore have proceeded to the merits.

We finally add a word about the approach taken by the Court of Appeals. Although we find its disposition to have been in error, we fully appreciate that it is an error shared among the circuits, and that it was caused in large part by imprecision in our prior cases. Our repetition of the phrase "mandatory and jurisdictional" has understandably led the lower courts to err on the side of caution by giving the limitations in Rules 33 and 45 the force of subject-matter jurisdiction. Convinced, therefore, that *Robinson* and *Smith* governed this case, the Seventh Circuit felt bound to apply them, even though it expressed grave doubts in light of *Kontrick*. This was a prudent course. It neither forced the issue by upsetting what the Court of Appeals took to be our settled precedents, nor buried the issue by proceeding

in a summary fashion. By adhering to its understanding of precedent, yet plainly expressing its doubts, it facilitated our review.

*    *    *

The judgment of the Seventh Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*