KAREN LECRAFT HENDERSON, Circuit Judge,
with whom RANDOLPH, Circuit Judge, joins, dissenting.
In my dissent from the vacated panel decision, see United States v. Valdes, 437 F.3d 1276, 1282-88 (D.C.Cir.2006), I previously expressed my profound disagreement with the majority’s interpretation of the meaning of “official act” as defined in 18 U.S.C. § 201(a)(3). While I fully join Judge Garland’s excellent dissent, I write separately to elaborate on two points I made earlier.
First, and most important, stare decisis requires us to comply with the United States Supreme Court’s broad interpretation of the term “official act” as set forth in United States v. Birdsall, 233 U.S. 223, 34 S.Ct. 512, 58 L.Ed. 930 (1914). In Birdsall, the precursor statute to section 201(a)(3) made it illegal for an official to accept money given with the intent to influence “his decision or action” “on any question, matter, cause, or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity.” Crim.Code §§ 39, 117, 35 Stat. 1096, 1109-10 (1909). The Supreme Court held that an “official action” need not be “prescribed by statute” and includes an action “clearly established by settled practice,” Birdsall, 233 U.S. at 231, 34 S.Ct. 512, declaring that “[e]very action that is within the range of official duty comes within the purview of’ the statute, id, at 230, 34 S.Ct. 512. It is hard to imagine a broader statutory reach than the language of the precursor statute.[1] And we are likewise bound to give the successor statute-containing almost verbatim the all-inclusive language-the same reach until and unless directed to do otherwise. See Welch v. Tex. Dep’t of Highways & Pub. Transp., 483 U.S. 468, 478-79, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987) (“The rule of law depends in large part on adherence to the doctrine of stare decisis.... It follows that any departure from the doctrine of stare decisis demands *1332 special justification.” (internal quotation omitted)). The Supreme Court has never expressly overruled, watered down or otherwise retreated from Birdsall.[2] Nor do I believe the Court has done so sub silentio in United States v. Sun-Diamond Growers of Cal., 526 U.S. 398, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999).
Sun-Diamond is a spectacular red-herring in this case. Sun-Diamond addressed “whether conviction under the illegal gratuity statute requires any showing beyond the fact that a gratuity was given because of the recipient’s official position.” Id. at 400, 119 S.Ct. 1402. The Court rejected the idea that section 201(c)(1)(A) “requires only a showing that a gift was motivated, at least in part, by the recipient’s capacity to exercise governmental power or influence in the donor’s favor without necessarily showing that it was connected to a particular official act,” id. at 405-06, 119 S.Ct. 1402 (emphasis in original) (internal quotation omitted), holding instead that “[t]he insistence upon an ‘official act,’ carefully defined, seems pregnant with the requirement that some particular official act be identified and proved,” id. at 406, 119 S.Ct. 1402 (emphasis added). The Court did not, however, rule on the statutory definition of “official act” or even mention Birdsall. It simply referenced section 201(a)(3) in dicta after acknowledging that the “official act” required by section 201(c)(1)(A) could produce “peculiar results,” such as criminalizing the President’s receipt of a sports jersey for a ceremonial White House visit, the Education Secretary’s receipt of a school baseball cap for a school visit or the Agriculture Secretary’s complimentary lunch for his speech to farmers. Id. at 407, 119 S.Ct. 1402. The Court explained, “[Tjhose actions — while they are assuredly ‘official acts’ in some sense — are not ‘official acts’ within the meaning of the statute,” id., and concluded, “[W]hen the violation is linked to a particular ‘official act,’ it is possible to eliminate the absurdities through the definition of that term,” id. at 408, 119 S.Ct. 1402 (emphasis in original). Other than iterating the term’s full statutory definition, the Court added nothing to the “definition of that term.”[3] Id. at 407-08, 119 S.Ct. 1402. And it most certainly did not jettison precedent that is over ninety years old and intact. The majority’s summary dismissal of Birdsall, Maj. Op. at 1322-23, in favor of an insupportable application of Sun-Diamond violates our duty to faithfully apply precedent. See Agostini v. Felton, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) (“[I]f a precedent of [the Supreme Court] has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decisions.” (internal quota *1333 tions omitted) (alteration added)); cf. Eberhart v. United States, 546 U.S. 12, 126 S.Ct. 403, 407, 163 L.Ed.2d 14 (2005) (applauding Seventh Circuit for following Supreme Court precedent as “prudent course” rather than either “fore[ing] the issue by upsetting what [it] took to be our settled precedents” or “bur[ying] the issue by proceeding in a summary fashion”).
Not only can the Sun-Diamond dicta not bear the weight the majority saddles it with, the dicta does no more than acknowledge “the venerable maxim de minimis non curat lex ('the law cares not for trifles’) [which] is part of the established background of legal principles against which all enactments are adopted, and which all enactments (absent contrary indication) are deemed to accept.” Wis. Dep’t of Rev. v. William Wrigley, Jr., Co., 505 U.S. 214, 231, 112 S.Ct. 2447, 120 L.Ed.2d 174 (1992) (last two emphases added). That is, the “absurdities” described in Sun-Diamond constitute nothing other than de minimis exceptions.[4] See Sun-Diamond, 526 U.S. at 408, 119 S.Ct. 1402.
The second point is that this is a simple — but far from inconsequential — case. The man on the street grasps what my colleagues in the majority so inexplicably resist: you cannot lawfully give money to a law enforcement officer for performing a function of his office. I respectfully dissent.

. Nevertheless, the current version adds "suit” and "controversy” to the list of undertakings. See 18 U.S.C. § 201(a)(3).

. Indeed, our court and several of our sister circuits have over the years cited Birdsall's broad language approvingly. See United States v. Muntain, 610 F.2d 964, 967-68 n. 3 (D.C.Cir.1979) (endorsing Birdsall's broad language notwithstanding its inapplicability to challenged actions); see also United States v. Parker, 133 F.3d 322, 326 (5th Cir.1998); United States v. Gjieli, 717 F.2d 968, 974-75 (6th Cir.1983); United States v. Carson, 464 F.2d 424, 433-34 (2d Cir.1972); Wilson v. United States, 230 F.2d 521, 524 (4th Cir.1956).

. On. this point, the majority's conclusion that “the Sun-Diamond Court reached its conclusion 'through the definition of [the] term ['official act’],' ” Maj. Op. at 1323 (quoting Sun-Diamond, 526 U.S. at 408, 119 S.Ct. 1402), and "in particular, through [the] clause ... 'on any question, matter, cause, suit, proceeding or controversy,' ” id. at 1323 (quoting 18 U.S.C. § 201(a)(3)) (final alteration added), is flatly wrong.