[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-15050
Non-Argument Calendar

----------------------------------------



FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 19, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-00161-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNEY LEE MATHESON,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Alabama

----------------------------------------------------------------

**(July 19, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and BIRCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Kenney Lee Matheson, proceeding pro se, appeals the

denial of his motion for reconsideration of the district court's order denying his

Fed.R.Crim.P. 33 motion for a new trial based on newly discovered evidence.[1] No reversible error has been shown; we affirm.

We review the denial of a motion for a new trial for abuse of discretion. United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006). "Motions for a new trial based on newly discovered evidence are highly disfavored . . . and should be granted only with great caution. Indeed, the defendant bears the burden of justifying a new trial." Id. (internal quotation omitted). A district court may grant a new trial based on newly discovered evidence if the motion for a new trial is filed within three years of the date of the jury verdict. Id. at 1177. And the newly discovered evidence must satisfy this test:

> (1) the evidence was newly discovered after the trial; (2) the movant shows due diligence in discovering the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to issues before the court; and (5) the evidence is of such a nature that a new trial would reasonably produce a new result.

Id. at 1177-78.

In considering Matheson's motion for reconsideration of the denial of his request for a new trial, the district court properly concluded that Matheson re-raised arguments that the district court had considered -- and rejected -- in

---

[1] Because Matheson's notice of appeal in this case was only timely for the denial of his motion for reconsideration, we permitted his appeal to proceed only on the denial of that motion.

Matheson's motion for a new trial.[2]  After a careful review of the record, we agree with the district court that Matheson's reconsideration motion offered no new arguments; and we affirm the district court's denial of this motion.[3]

**AFFIRMED.**

---

[2]Matheson's reconsideration motion repeated claims that the attesting police officer used false statements to obtain a search warrant of Matheson's house, statements including (1) that Matheson owned a Chrysler PT Cruiser and (2) that an informant had told the attesting officer that Matheson kept drugs in his back bedroom, when drugs were found in his front bedroom.  The district court explained in its order denying Matheson's motion for a new trial that Matheson had not demonstrated that this evidence was of such a nature that a new trial would reasonably produce a new result because probable cause otherwise supported issuance of the warrant.  We see no reason to disturb the district court's conclusion.

[3]The government asserts that, although Matheson's motion for a new trial was timely filed within the three-year limitations period of Fed.R.Crim.P. 33(b)(1), his motion for reconsideration was not filed within this period; so the government contends that the district court lacked jurisdiction to consider it.  But the Supreme Court has explained that Fed.R.Crim.P. 33 is a "claim-processing rule" and that the time limits on Rule 33 motions are not jurisdictional.  See Eberhart v. United States, 126 S.Ct. 403, 406-07 (2005).