**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 14-6055**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CHRISTOPHER BROCKMAN,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Greenville.  J. Michelle Childs, District Judge.  (6:08-cr-00467-JMC-5)

───────────────

Submitted:  June 26, 2014        Decided:  July 1, 2014

───────────────

Before WILKINSON, KING, and GREGORY, Circuit Judges.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Christopher Brockman, Appellant Pro Se. Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Brockman appeals the district court's order denying his motion for sentence reduction under 18 U.S.C. § 3582(c)(2) (2012). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), a defendant in a criminal case has fourteen days from the entry of the district court's judgment to timely file his notice of appeal. See United States v. Goodwyn, 596 F.3d 233, 235 n.* (4th Cir. 2010) ("[Section] 3582 motions . . . are criminal in nature."). Upon a finding of excusable neglect or good cause, however, the district court may extend the time to file a notice of appeal for up to thirty days. Fed. R. App. P. 4(b)(4). While Rule 4(b)'s time limitations are not jurisdictional, we have consistently adhered to the view that they "must be enforced . . . when properly invoked by the [G]overnment." United States v. Mitchell, 518 F.3d 740, 744 (10th Cir. 2008) (citing Eberhart v. United States, 546 U.S. 12, 19 (2005) ("These claim-processing rules thus assure relief to a party properly raising them.")).

Here, the Government has properly invoked Rule 4(b) by requesting that the court dismiss the appeal as untimely in its response to this court's order to respond to the jurisdiction question. The district court's order was entered on the docket

2

on April 10, 2012.  The notice of appeal was filed on January 9, 2014 — nearly one year and eight months beyond both the appeal and excusable neglect periods.  Because Brockman's appeal is untimely and the Government has promptly sought Rule 4(b)'s enforcement, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>
