NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50133 |
| Plaintiff-Appellee, | D.C. No. 2:04-cr-1594-SVW |
| v. | |
| ALBERT T. ROBLES, | MEMORANDUM [*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted October 2, 2017
Pasadena, California

Before: M. SMITH and NGUYEN, Circuit Judges, and SETTLE, District Judge.[**]

Defendant-Appellant Albert Robles ("Robles") appeals the district court's

denial of his motion for a new trial or, in the alternative, motion for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

1

reconsideration. We review both denials for an abuse of discretion. *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc) (motion for a new trial based on newly discovered evidence); *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (motion for reconsideration). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). Although the time bar is not jurisdictional, the rule "assure[s] relief to a party properly raising [it]." *Eberhart v. United States*, 546 U.S. 12, 19 (2005). The Government properly raised the time bar and is entitled to such relief because Robles filed his motion more than three years after the verdict. Therefore, the district court properly denied Robles's motion for a new trial based on newly discovered evidence.

2. The district court denied Robles's motion for reconsideration after finding that Robles was not diligent in presenting the evidence and that the evidence was "newly available" instead of "newly discovered." Robles fails to show any error in either of these findings, much less an abuse of discretion. Therefore, the district court properly denied Robles's motion for reconsideration.

2

3. Even if we reached the merits of Robles's motion, Robles fails to show that he is entitled to relief. In *United States v. Garrido*, 713 F.3d 985 (9th Cir. 2013), this court established the law of the case by affirming Robles's conviction for bribery in violation of 18 U.S.C. § 666. A three-judge panel is bound by the prior authority unless "the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). On the interpretation of § 666, *Garrido* is not clearly irreconcilable with either *McCutcheon v. Fed. Election Comm'n*, 134 S. Ct. 1434 (2014), or *McDonnell v. United States*, 136 S. Ct. 2355 (2016), because these intervening higher authorities addressed the interpretation of statutes other than § 666.

**AFFIRMED.**