[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-13556
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00213-SDM-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 23, 2021)

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Jorge Perez, proceeding *pro se*, appeals the district court's order denying his

motion for a new trial, which Perez filed under Fed. R. Crim. P. 33(b)(2).  The

government responds by moving for summary affirmance, arguing that Perez's motion was untimely. After careful review, we grant the government's motion for summary affirmance of the district court's order.

## I.

On October 19, 2017, a jury found Perez guilty of possessing a firearm as a felon and possession with intent to distribute heroin and methamphetamine. The district court sentenced Perez to 210 months' imprisonment. Perez appealed his convictions, and we affirmed. *See United States v. Perez*, 762 F. App'x 946 (11th Cir. 2019). In March 2020, Perez filed a *pro se* motion under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. That matter—separate from the issue on appeal here—remains pending. *See Perez v. United States*, Case No. 8:20-cv-668-T-23AAS (M.D. Fla.). According to Perez's filings in that case, he bases his claim of ineffective assistance on his trial counsel's (1) failure to challenge Perez's designation as an armed career criminal and (2) failure to request relief on direct appeal, in light of this Court's decision in *Cintron v. Attorney General*, 882 F.3d 1380 (11th Cir. 2018).

This brings us to the subject of this appeal. On July 20, 2020, about three years after his conviction, Perez filed a *pro se* motion in his criminal case, seeking a new trial under Rule 33. Here, too, Perez alleged that his trial counsel was ineffective. In this motion, however, Perez contended his counsel was ineffective

by failing to argue that Perez lacked knowledge of the firearms and narcotics that led to his conviction. Nonetheless, Perez concedes that this motion was untimely— because Rule 33(b)(2) requires the filing of such a motion "within 14 days after the verdict"—arguing instead that the "fundamental-miscarriage-of-justice exception" excused his untimeliness.

The district court denied Perez's "belated[]" motion, citing his pending civil action and the "surplus of vivid, specific, reliable, and unambiguous evidence of Perez's guilt of the charged offenses, including the required offenses, including the required element of 'knowledge.'" Perez filed a timely appeal. In response, the government moved for summary affirmance of the district court's order.

## II.

We review denial of a motion for a new trial for abuse of discretion. *United States v. Perez-Oliveros*, 479 F.3d 779, 782 (11th Cir. 2007). Summary disposition is appropriate if one party's position is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," or "the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] An appeal is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

---

[1] Decisions handed down by the former Fifth Circuit before October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Federal Rule of Criminal Procedure 33, the Supreme Court explains, is "inflexible" and assures relief to only parties who abide by its terms. *Eberhart v. United States*, 546 U.S. 12, 19 (2005). Upon a defendant's motion, Rule 33 supplies a mechanism for courts to "grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Absent "newly discovered" evidence, the defendant "must" file such a motion "within 14 days" of a guilty verdict. Fed. R. Crim. P. 33(b).

We grant the government's motion for summary affirmance because it is correct as a matter of law. *Groendyke*, 406 F.2d at 1162. As Perez conceded below, he failed to file a timely motion under Rule 33. Perez expressly moved for a new trial on grounds other than "newly discovered" evidence, and his claim of ineffective assistance does not depend on any new evidence. Instead, Perez claimed that trial counsel was ineffective for failing to argue that he did not knowingly possess the firearm at issue. The factual allegations supporting this claim were within Perez's knowledge at the time of trial. So Perez had only fourteen days from the date of his conviction to file a motion for a new trial raising this claim. Fed. R. Crim. P. 33(b)(2). But Perez filed his motion almost three years after his conviction, rendering it untimely.

Perez's cites the "fundamental-miscarriage-of-justice exception" to excuse his untimely filing. In the context of a habeas proceeding under 28 U.S.C. §§ 2254 or 2255, "a credible showing of actual innocence may allow a prisoner to pursue his

4

constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). This rule, known as the "fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). To invoke the fundamental-miscarriage-of-justice exception, the defendant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

To begin with, the Supreme Court has not applied this exception outside the habeas context. But even if this exception could be applied to excuse an untimely filing under Rule 33, Perez has not made a credible showing of "actual innocence." Indeed, in denying Perez's motion, the district judge who had conducted Perez's trial, noted a "surplus of vivid, specific, reliable, and unambiguous evidence" in support of the knowledge element. And on this record, we cannot say that "no reasonable juror" would have convicted Perez if his attorney had argued that Perez lacked knowledge of the firearm. *See McQuiggan*, 569 U.S. at 399.

In sum, no substantial question exists concerning the outcome of this case, and the government's position is correct. *Groendyke*, 406 F.2d at 1162. The government's motion for summary affirmance is therefore **GRANTED**.