[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13787
Non-Argument Calendar

_____

D.C. Docket No. 1:00-cr-00425-JIC-6


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


SAMUEL KNOWLES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 30, 2021)

Before WILSON, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Samuel Knowles appeals the district court's denial of his motion for a new trial, filed more than twelve years after his 2008 convictions on charges of conspiracy to commit drug offenses. The district court sua sponte denied the motion as untimely.

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Where, as here, a motion is not based on newly discovered evidence, it "must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). The Supreme Court explained in *Eberhart v. United States* that the timeliness of a Rule 33 motion is a claim-processing rule rather than a jurisdictional rule, and the government can forfeit its defense of untimeliness if it fails to raise the defense before the district court reaches the merits of the Rule 33 motion. *See* 546 U.S. 12, 19 (2005) (per curiam). But neither *Eberhart* nor any precedent of which we are aware precludes a district court from applying the claim-processing rule set forth in Rule 33 to determine sua sponte that a motion is untimely. Nor does Knowles make that contention.

Knowles moved for a new trial twelve years too late and did not present a reason for the delay. Therefore, the district court did not abuse its discretion in sua sponte denying his motion as untimely. *See* Fed. R. Crim. P. 33(b)(2).

**AFFIRMED.**