NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0408n.06

No. 23-3468

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

ZOILA SANTIZO-SOTO, et al.

    Petitioners,

v.

MERRICK B. GARLAND, Attorney General

    Respondent.

)
)
)
)
)
)
)
)
)
)

FILED

Oct 17, 2024

KELLY L. STEPHENS, Clerk

ON PETITION FOR REVIEW FROM THE BOARD OF IMMIGRATION APPEALS

---

Before: McKEAGUE, KETHLEDGE, and NALBANDIAN, Circuit Judges.

KETHLEDGE, Circuit Judge. Zoila Eliza Santizo-Soto, on behalf of herself and four of her children, petitions for review of the Board of Immigration Appeals' denial of her applications for asylum and withholding of removal as well as its denial of her motion to terminate her removal proceedings. We deny the petition.

I.

Santizo-Soto entered the United States without authorization in January 2014. The government began removal proceedings that same month. In 2016, Santizo-Soto conceded removability but requested asylum and withholding of removal. Three years later, an immigration judge held a hearing and found her testimony credible as to the following facts.

Santizo-Soto is a member of the indigenous Mam ethnic group in Guatemala. She says that she has suffered "significant harm and systematic discrimination in Guatemala on account of her status as an indigenous Guatemalan woman." Her testimony recounts four incidents.

One was that, when Santizo-Soto was about nine years old, a teacher singled her out for being "all red" (because she was wearing a red sweater) and called her "painted face" (because, she assumes, her face had some black spots). She also said the teachers struck her and other students—all of whom were Mam—with rulers. Her parents never reported these incidents because they were afraid the teachers would leave the village.

Santizo-Soto also alleged two incidents of sexual assault. In 1994, when she was nine years old, her mother briefly left her alone in a field where they were planting potatoes, and a teenage boy—also Mam—approached her. He tried to kiss her; she pushed him away. Five years later, while Santizo-Soto was working as a housekeeper, her boss's son entered the room where she was cleaning, hugged her, and tried to remove her clothes. She screamed and fought him off. She did not tell the police because she assumed "no one would believe her."

Finally, Santizo-Soto testified that, at a parade in 2013, someone told her husband that "they were looking for him, and if they didn't get him, they were going to get his family." While driving soon afterward, a wheel came off their car. They later discovered that someone had loosened the wheel's lug nuts.

The IJ denied relief, finding that Santizo-Soto had shown neither past persecution nor a likelihood of persecution in the future. She appealed to the Board, and also moved that the Board terminate her removal proceedings, arguing for the first time that her notice to appear was defective. The Board dismissed her appeal and denied her motion. This petition for review followed.

II.

We review the Board's legal determinations de novo and its factual findings for substantial evidence—meaning we uphold the Board's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

A.

To be eligible for asylum under the Immigration and Nationality Act, Santizo-Soto must demonstrate that she is a "refugee"—someone "who is unable or unwilling to return to" her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). For persecution to occur "on account of" a particular social group (or another protected characteristic), membership in that social group must be "at least one central reason" for the harm one experiences. 8 U.S.C. § 1158(b)(1)(B)(i). And for fear of future persecution to be "well-founded," a petitioner "must offer reasonably specific information showing a real threat of individual persecution." *Mapouya v. Gonzales*, 487 F.3d 396, 412 (6th Cir. 2007) (citations omitted).

Santizo-Soto challenges the Board's determination that she has not shown persecution here. The Board found that the two alleged sexual assaults did not amount to persecution because neither had anything to do with her indigenous status. *See Sabastian-Andres v. Garland*, 96 F.4th 923, 930–31 (6th Cir. 2024). That remains true regardless of whether (as Santizo-Soto alleges here) a "machismo culture" prevails in Guatemala generally.

Nor has Santizo-Soto shown that the punishment her schoolteachers inflicted or the incident with the car wheel entitle her to relief. Among other things, the schoolteachers' punishment did not remotely amount to persecution as defined by the Act, and the car incident had

3

nothing to do with her indigenous status.  *See Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir. 1998); *Sabastian-Andres*, 96 F.4th at 930–31.

### B.

That leaves the Board's denial of Santizo-Soto's motion to terminate her removal proceedings.  She argues her proceedings must be terminated because her original notice to appear omitted the time and place of her removal hearing.  *See* 8 U.S.C. § 1229(a)(1)(G).

Santizo-Soto does not dispute the Board's conclusion that the rule she invokes here—that the notice was defective—is a claims-processing rule.  Her argument is therefore subject to waiver and forfeiture.  *See Eberhart v. United States*, 546 U.S. 12, 19 (2005).  The Board deemed this argument forfeited because Santizo-Soto never presented it to the IJ.  She counters now that she could not have raised it then because (she says) the argument is based on the Supreme Court's decision in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021).  But *Niz-Chavez* did not change the law in the manner Santizo-Soto suggests.  The Court in *Niz-Chavez* interpreted a statute that had been in effect since 1997; the Court simply explained what it had meant all along.  Nothing prevented Santizo-Soto from making to the IJ the same statutory argument that Niz-Chavez made in his immigration proceedings.  The Board was therefore right to conclude that Santizo-Soto had forfeited this argument.

The petition for review is denied.