NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0369n.06

No. 24-4071

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 25, 2025
KELLY L. STEPHENS, Clerk

DIEGO ANDRES LUX-LUX,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

OPINION

Before: CLAY, GILMAN, and BLOOMEKATZ, Circuit Judges.

**CLAY, Circuit Judge.** Following the denial of Petitioner's Application for Asylum and Withholding of Removal, the Board of Immigration Appeals (BIA) denied as untimely Petitioner's motion to reopen his removal proceedings but granted his request to apply for voluntary departure from the country. Petitioner now petitions for review of the decision by the BIA denying his motion to reopen his removal proceedings. For the reasons set forth below, we deny the petition for review.

## I. BACKGROUND

Petitioner Diego Andres Lux-Lux, a citizen and national of Guatemala, illegally entered the United States on or about November 10, 2015, at the age of seventeen. He was then issued a "Notice to Appear" ("NTA") on February 23, 2016, instructing him to appear before an immigration judge ("IJ") "on a date to be set [and] at a time to be set." Notice to Appear, ECF No. 7-2, Page ID #256. Petitioner was also served with a Notice of Hearing that set his master calendar hearing for March 31, 2016, at 1:00 p.m., in Cleveland, Ohio. During the master hearing, he

admitted various allegations and conceded removability, and the IJ sustained his removability charge.

Petitioner proceeded to file a Form I-589 Application for Asylum and Withholding of Removal, by which he also sought protection under the Convention Against Torture ("CAT"), with U.S. Citizenship and Immigration Services ("USCIS"). Petitioner's asylum application rested on his membership in a particular social group described as "indigenous Maya Quiche persons living in rural areas of Guatemala." *Id.* at Page ID #147. On October 13, 2016, while Petitioner's application was pending, the IJ administratively closed his removal proceedings. The USCIS later denied Petitioner's application for relief, and a new removal hearing was calendared for October 28, 2019.

At the removal hearing, Petitioner testified before the IJ that back in Guatemala, three unknown men had approached him on his way home from school and threatened to kidnap or kill him if he did not give them money. Petitioner had two encounters with these men; during the second encounter, he testified that the men "chok[ed] [him] for a couple of seconds." *Id.* at Page ID #152. Petitioner did not know why he had been targeted. Although he cited no specific person or group that frightened him, he noted that he did not want to return to Guatemala because "[c]riminality doesn't leave you in peace." *Id.* at Page ID #155.

On October 28, 2019, the IJ denied Petitioner's application for asylum, withholding of removal, and protection under CAT, finding that he had failed to show either past persecution or a well-founded fear of future persecution. Petitioner appealed the IJ's decision, but on September 25, 2023, the BIA affirmed the denial of his application and explained that Petitioner had not raised any persuasive argument that upon his removal, it was "more likely than not" that he would face

torture at the hands of someone acting in an official capacity. *Id.* at Page ID #45. This ended his removal proceedings.

On December 20, 2023, Petitioner filed his "Motion to Reopen in Light of *Niz-Chavez v. Garland* and *Matter of Fernandes*." *Id.* at Page ID #11–22; *see Niz-Chavez v. Garland*, 593 U.S. 155 (2021); *Matter of Fernandes*, 28 I&N Dec. 605 (BIA 2022). Petitioner sought to reopen his removal proceedings on the basis that "a change in law" rendered his NTA defective. *Id.* at Page ID #15. He explained that in *Niz-Chavez*, 593 U.S. at 171, the Supreme Court held that an effective NTA "must contain all requirements listed in 8 U.S.C. § 1229(a)(1) in a single document" and "cannot be cured by subsequent documents." Motion to Reopen, ECF No. 7-2, Page ID #13. The relevant requirement outlined in § 1229(a)(1) provides that the government must serve any alien with a written NTA specifying several details, including the "time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1). Because Petitioner's NTA advised him only that his hearing would occur "on a date to be set [and] at a time to be set," he argued that it was defective in light of *Niz-Chavez*. Notice to Appear, ECF No. 7-2, Page ID #256.

On November 22, 2024, the BIA denied in part and granted in part Petitioner's motion to reopen. The BIA denied Petitioner's motion to the extent that it sought reopening on the basis of the deficient NTA, noting that he forfeited this objection by not raising it in a timely manner. The BIA reasoned that "at the time of [Petitioner's] previous hearing in October 2019, a number of decisions by the United States Courts of Appeals had already considered the lack of place or time in the notice to appear as a claim-processing rule issue," and explained that such objections must be made during (not after) the removal proceedings. *Id.* at Page ID #3–4. The BIA also granted Petitioner's motion in part, but it specified that the scope of remand was strictly limited to his "eligibility for voluntary departure under section 240B(b) of the INA, 8 U.S.C. 1229c(b), and

whether [he] should be granted voluntary departure in the exercise of discretion." *Id.* at Page ID #4. This petition for review followed.

## II. DISCUSSION

### A. Standard of Review

"A motion to reopen is a form of procedural relief that asks the Board to change its decision in light of newly discovered evidence or a change in circumstances since the hearing." *Santos-Santos v. Barr*, 917 F.3d 486, 489 (6th Cir. 2019) (quoting *Dada v. Mukasey*, 554 U.S. 1, 12 (2008)). We review the BIA's denial of such a motion under the abuse of discretion standard. *Elgebaly v. Garland*, 109 F.4th 426, 436 (6th Cir. 2024). "The BIA abuses its discretion if its decision 'was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Id.* (quoting *Dieng v. Barr*, 947 F.3d 956, 960–61 (6th Cir. 2020)). Because there is a "strong public interest in the finality of immigration proceedings, motions to reopen are generally 'disfavored.'" *Id.* (quoting *I.N.S. v. Abudu*, 485 U.S. 94, 107 (1988)).

### B. Analysis

Petitioner Lux-Lux argues that the BIA improperly denied his motion to reopen because his NTA did not include the date or time of his removal proceedings, as required by the claim-processing rules under 8 U.S.C. § 1229(a)(1), and by the Supreme Court's decision in *Niz-Chavez*. 593 U.S. at 171. He asserts that *Niz-Chavez* retroactively rendered his NTA invalid because the NTA omitted this key information. *See also Pereira v. Sessions*, 585 U.S. 198, 208–09 (2018) (explaining that "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule"). The BIA responds that Lux-Lux forfeited his challenge to the

deficient NTA by not raising it in a timely manner. Because we agree that Lux-Lux's challenge was forfeited, the BIA did not abuse its discretion in denying his motion to reopen.

Claim-processing rules "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). To bind the courts, mandatory claim-processing rules must be "properly asserted and not forfeited." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam)). An objection to a noncompliant NTA is generally considered timely "if it is raised prior to the closing of pleadings before the Immigration Judge."[1] *Matter of Fernandes*, 28 I&N Dec. at 610–11. When an objection is untimely, it is "waived or forfeited." *Id.* at 609.

In the present matter, it was not an abuse of discretion for the BIA to conclude that Lux-Lux forfeited his challenge to the defective NTA by failing to raise it until his motion to reopen. *Palma-Campos v. Bondi*, No. 24-3490, 2025 WL 665849, at *1 (6th Cir. Feb. 20, 2025) (order) (deeming an NTA objection untimely and forfeited when it was first raised in a motion to reopen); *Zuniga-Martinez v. Garland*, No. 21-3312, 2022 WL 2160668, at *3 (6th Cir. June 15, 2022) (noting that we lack jurisdiction to consider an NTA objection that invokes claims-processing rules and is untimely raised); *see also Bains v. Garland*, No. 23-3208, 2024 WL 3950812, at *5 (6th Cir. Aug. 27, 2024) (deeming an NTA objection untimely and forfeited when the petitioner "did not raise [it] before the Immigration Judge").

---

[1] "For jurisdictional purposes, it is not necessary that the Notice to Appear contain all the required information or that all the information be included in a single document." *Ramos Rafael v. Garland*, 15 F.4th 797, 801 (6th Cir. 2021) (citing *Santos-Santos v. Barr*, 917 F.3d 486, 490 (6th Cir. 2019)).

Lux-Lux does not dispute that his objection to the defective NTA was untimely, and instead attempts to justify the delay by alleging that, if he had objected sooner, his argument "would have been . . . meritless . . . under the caselaw of the Board and the Sixth Circuit," since *Niz-Chavez* was not decided until 2021. Pet'r's Br., ECF No. 11, 7. But Lux-Lux still could have objected to the deficient NTA during the pendency of his removal proceedings, which continued well into 2023. In particular, Lux-Lux primarily cites *Niz-Chavez* and *Fernandes* in his motion to reopen, but *Niz-Chavez* was issued in 2021, and the BIA did not reach a determination on Lux-Lux's merits appeal until September 2023, meaning that he had ample opportunity to object to the defective NTA on that basis while his appeal was ongoing. *See Bains*, 2024 WL 3950812, at *5 (holding that the petitioner's argument based on *Niz-Chavez* was "unpersuasive" and did not entitle him to relief after he failed to timely raise his NTA objection). The BIA also noted that *Fernandes* was issued in August 2022, "while [Petitioner's] appeal was pending and more than a year before the Board issued [its] prior decision dismissing the appeal." Administrative R., ECF No. 7-2, Page ID #4. We are thus unpersuaded by Lux-Lux's assertion that "no authority whatsoever" existed to put him on notice of the defective NTA, and the import of raising such an objection before the close of his appeal. Pet'r's Br., ECF No. 11, 6; *cf. Morales-Morales v. Garland*, No. 22-3134, 2022 WL 17660787, at *3 (6th Cir. Dec. 14, 2022) (reasoning that the petitioner forfeited a challenge to a deficient NTA by failing to raise the argument when it was not foreclosed by binding caselaw).

Other courts have taken the same approach and treated untimely objections to defective NTAs as forfeited. *See Villagrana-Fernandez v. Garland*, No. 23-2184, 2024 WL 4490629, at *1 (4th Cir. Oct. 15, 2024); *Amador-Morales v. Garland*, 94 F.4th 701, 705 (8th Cir. 2024); *Gomez-Ortuno v. Bondi*, No. 22-2031, 2025 WL 429845, at *1 (9th Cir. Feb. 7, 2025); *Meraz-Saucedo v. Rosen*, 986 F.3d 676, 683 (7th Cir. 2021); *Penaranda Arevalo v. Bondi*, 130 F.4th 325, 337 (2d Cir.

2025).  Lux-Lux similarly had years to raise his NTA objection in a timely manner and failed to do so.  Therefore, by waiting to raise his NTA objection in a motion to reopen, Lux-Lux forfeited his claim.

### III.  CONCLUSION

For the reasons set forth above, we deny review of the BIA's denial in part of Petitioner's motion to reopen.