**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZENAIDA MARTINEZ
SANDOVAL; MARIA GUADALUPE
FLORENTINO MARTINEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-923

Agency Nos.
A208-920-038
A208-920-039

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2023**
San Francisco, California

Before: BEA, BENNETT, and H.A. THOMAS, Circuit Judges.

Zenaida Martinez Sandoval ("Sandoval") and her daughter, Maria

Guadalupe Florentino Martinez ("Martinez"), natives and citizens of Mexico,

petition for review of the Board of Immigration Appeals ("BIA") order

upholding the immigration judge's ("IJ") denial of asylum, withholding of

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT").[1] The BIA affirmed the denial of asylum and withholding of removal based on Sandoval's lack of credibility. As to the CAT claim, the BIA determined that petitioners had waived it. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review both the IJ's and BIA's decisions because the BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and also provided its own analysis. *See Posos-Sanchez v. Garland*, 3 F.4th 1176, 1182 (9th Cir. 2021). Adverse credibility findings are subject to the deferential substantial evidence standard of review. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

The IJ and BIA found Sandoval not credible based on three material omissions, alterations, and inconsistencies. *See Iman v. Barr*, 972 F.3d 1058, 1068 (9th Cir. 2020) ("[O]missions are probative of credibility to the extent that later disclosures, if credited, would bolster an earlier, and typically weaker, asylum application."); *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."); *Singh v. Holder*, 638 F.3d 1264, 1270 (9th Cir. 2011) ("If the person cannot tell substantially the same story twice in

---

[1] Sandoval is the lead petitioner, and Martinez's claims rest entirely on the facts of Sandoval's claims. Only Sandoval testified at the merits hearing before the IJ.

substantially the same way, that suggests a likelihood that the story is false.").

First, Sandoval testified before the IJ that she feared returning to Mexico because the mayor of her town personally threatened to kill her and Martinez. But Sandoval failed to previously mention this crucial information throughout the administrative proceedings. She failed to disclose the mayor's threats during her initial sworn statement given at the United States border ("sworn statement"). Although her declaration attached to her asylum application noted that the mayor was associated with the group that had threatened her, neither the application nor the declaration alleged that the mayor had personally threatened her or Martinez. Sandoval again failed to disclose any direct threats by the mayor in her later-filed amended declaration.

Second, in both her sworn statement and asylum application, Sandoval failed to mention that she had been harmed by her husband and feared him. Indeed, in her sworn statement, she denied ever being physically harmed or assaulted in Mexico. She then offered a different account in her amended declaration by alleging for the first time that her husband had physically abused her.

Third, Sandoval testified before the IJ that she remained in Tijuana for two months before attempting to enter the United States. But in her sworn statement she stated that she arrived in Tijuana on the same day she presented herself at the border.

Petitioners challenge only the IJ and BIA's reliance on the omission and

later disclosure of the mayor's alleged threats, essentially arguing that Sandoval's failure to initially disclose such information cannot support an adverse credibility determination. We disagree. The IJ and BIA could reasonably conclude that Sandoval initially omitted any direct threats by the mayor and that her later disclosure of the mayor's direct threats embellished her past harms, thereby undermining her credibility. *See Ruiz-Colmenares*, 25 F.4th at 750 (acknowledging that later disclosures that embellish past harms "can certainly form the basis of an adverse credibility determination").

"Considering the totality of the circumstances," 8 U.S.C. § 1158(b)(1)(B)(iii), the IJ and BIA's reasons for the adverse credibility determination—none of which petitioners have shown to be invalid—provide substantial evidence to support the adverse credibility determination. Absent credible testimony, petitioners failed to establish eligibility for asylum or withholding of removal.[2] *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021).

Petitioners also challenge the denial of CAT relief. But the BIA determined that petitioners waived their CAT claim by failing to raise it before the BIA, and petitioners do not argue that the BIA's waiver determination was improper. We therefore agree with the government that petitioners' CAT claim should be denied for lack of exhaustion. *See* 8 U.S.C. § 1252(d)(1); *Santos-*

---

[2] Because the adverse credibility determination is dispositive, we need not address the IJ and BIA's alternative bases for denying relief.

*Zacaria v. Garland*, 143 S. Ct. 1103, 1114 (2023) (holding that 8 U.S.C.

§ 1252(d)(1) is a claim-processing rule); *Fort Bend County, Texas v. Davis*, 139

S. Ct. 1843, 1849 (2019) ("A claim-processing rule may be 'mandatory' in the

sense that a court must enforce the rule if a party 'properly raises' it."

(alterations omitted) (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005)

(per curiam))).

**PETITION DENIED.**