NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 2 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTEFANY GUADALUPE MARTINEZ DIMAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-380

Agency No.
A209-999-557

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 28, 2024[**]
Seattle, Washington

Before: WARDLAW, PARKER[***], and MILLER, Circuit Judges.

Estefany Guadalupe Martinez Dimas, a native and citizen of El Salvador,

petitions for review of a decision of the Board of Immigration Appeals affirming

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Barrington D. Parker, United States Circuit Judge for the Court of Appeals, 2nd Circuit, sitting by designation.

an immigration judge's denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the Board's factual findings for substantial evidence. *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). To prevail under that standard, the petitioner "must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Id.* (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)).

1. Substantial evidence supports the Board's determination that Dimas did not meet her burden of establishing eligibility for asylum or withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1229a(c)(4)(A). To be statutorily eligible for asylum, Dimas must show that she is a refugee, *id.* § 1158(b)(1), defined as a person who is "unable or unwilling to avail himself or herself of the protection of [his or her native] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," *id.* § 1101(a)(42). To qualify for withholding of removal, she must demonstrate that "it is more likely than not that [she] would be subject to persecution on one of the specified grounds." *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (quoting *Robleto-Pastora v. Holder*, 591 F.3d 1051, 1057 (9th Cir. 2010)).

The Board found that Dimas failed to meaningfully challenge the immigration judge's finding that she had not established any nexus between past harm and membership in a particular social group. The Board explained that the one incident in which Dimas was threatened and attacked by her aunt "was motivated by vengeance and personal retribution and not because of [her] membership in the proffered particular social group related to family membership." Because she did not exhaust her challenge to that finding, we cannot consider it. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (exhaustion, while non-jurisdictional, is "'mandatory' in the sense that a court must enforce the rule if a party 'properly raises it.'") (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam)); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023). To the extent that Dimas now asserts a claim based on her membership in a different particular social group—that of returning deportees—that argument was not raised before the immigration judge. The argument has therefore not been exhausted, and we cannot consider it. *See Umana-Escobar*, 69 F.4th at 550.

As to the likelihood of future persecution, the Board found that Dimas had not established an objectively reasonable fear that she would be specifically targeted for harm because (1) she had not presented evidence of how her aunt would carry out any threat, and (2) she was never threatened again after the single

3                                                    23-380

incident with her aunt. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) ("Speculation on what could occur is not enough to establish a reasonable fear."). Substantial evidence supports those findings, which are a sufficient basis for the denial of both asylum and withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

2. To qualify for CAT relief, Dimas must establish that it is "more likely than not that she would be tortured in [El Salvador] by, or with the consent or acquiescence of, a public official." *Davila*, 968 F.3d at 1144 (9th Cir. 2020). Substantial evidence supports the Board's finding that the incident between Dimas and her aunt did not constitute torture and that Dimas's "fear of widespread violence and corruption facing the population at large" is insufficient to establish that she faces a particularized risk of torture with the consent or acquiescence of public officials if returned to El Salvador. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022).

The temporary stay of removal will remain in place until the issuance of the mandate, and the motion to stay removal (Dkt. No. 4) is otherwise denied.

**PETITION DENIED.**