NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRAIS CONTRERAS DELGADO; MAURICIO VIVEROS CONTRERAS; RODRIGO VIVEROS CONTRERAS, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1762 <br><br> Agency Nos. <br> A209-384-855 <br> A209-384-856 <br> A209-384-857 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2024**
Seattle, Washington

Before: WARDLAW and MILLER, Circuit Judges, and CORLEY, District
Judge.***

Irais Contreras Delgado, a native and citizen of Mexico, petitions for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jacqueline Scott Corley, United States District Judge
for the Northern District of California, sitting by designation.

review (together with her sons, Mauricio Viveros Contreras and Rodrigo Viveros Contreras) of a decision of the Board of Immigration Appeals dismissing her appeal from an immigration judge's denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the factual findings underlying the Board's determination for substantial evidence. *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under that standard, we must uphold the agency's findings unless the record compels a contrary conclusion. *See id.*; 8 U.S.C. § 1252(b)(4)(B).

1. To establish eligibility for asylum, an applicant must show a likelihood of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To establish eligibility for withholding of removal, an applicant must make the same showing by a "clear probability." *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003). Contreras advances arguments based on three protected grounds: membership in a particular social group, religion, and political opinion.

To demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct

within the society in question.'" *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). Contreras asserted membership in two putative particular social groups: "witnesses who would testify to criminal acts by the cartels" and "[f]amily members of witnesses who would testify to criminal acts by the cartels."

As an initial matter, Contreras argues that the agency should have considered "family membership" as a particular social group. Although Contreras might have had a viable claim based upon her membership in the family of her husband, who was abducted and held for ransom by the cartel, Contreras's prior counsel did not articulate this particular social group to the immigration judge. To the extent she seeks to argue this new particular social group now, it is unexhausted and we cannot consider it. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (exhaustion, although non-jurisdictional, is "'mandatory' in the sense that a court must enforce the rule if a party 'properly raises it.'") (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam)); *Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023).

Whether a social group is distinct enough to be cognizable is evaluated based on an evidence-based inquiry. *See Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014). Although Contreras now advances a variety of legal arguments as to social distinction, she has not identified any evidence in the record to contradict

the immigration judge's social-distinction finding. *See Aguilar-Osorio v. Garland*, 991 F.3d 997, 999 (9th Cir. 2021) (explaining that a proposed particular social group of "witnesses who . . . could testify against gang members based upon what they witnessed," is not cognizable because it is "not 'discrete' and lacks 'definable boundaries.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. at 239)), *abrogated on other grounds by Wilkinson v. Garland*, No. 22-666, 2024 WL 1160995 (U.S. Mar. 19, 2024). Nor does she identify any evidence to call into question the immigration judge's finding that even if the proposed social groups were cognizable, she could not show that she is in fact a member of them. Therefore, the Board did not err in rejecting her claim of entitlement to relief premised on membership in a particular social group.

Contreras also argues that the Board erred in evaluating her claim of persecution based on religion. As the Board noted, Contreras did not present that claim to the immigration judge and the Board is not required to consider a protected ground raised for the first time on appeal. *See Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019) (per curiam) (holding "that the Board may apply a procedural default rule to arguments raised for the first time on appeal").

While Contreras's son, Mauricio Viveros Contreras—who is also a petitioner here—testified that he is "quite religious" and that he refused the invitations of the gangs because of his religion, he did not testify that he

experienced any persecution or feared persecution on account of his religious beliefs. Moreover, Mauricio's I-589, which was completed with the assistance of petitioners' previous counsel, did not include religious persecution as one of the potential grounds for asylum relief. Religion was also excluded from his mother's and brother's I-589 forms. Petitioners had an attorney at the proceedings before the immigration judge, and, at the hearing, that attorney failed to amend any I-589 form to include religious persecution as a basis for relief. The attorney also failed to ask Mauricio any follow-up questions or argue that the immigration judge should consider religious persecution as a ground for relief once Mauricio mentioned his religious beliefs. Because Mauricio did not testify or argue through counsel that he has been persecuted or fears persecution on account of his religious beliefs, the Board correctly determined that Mauricio, as well as his mother and brother, did not present that claim to the immigration judge.

Finally, Contreras argues the Board erred in evaluating her claims of persecution based on political opinion. The immigration judge determined that Contreras had not established any political opinion that gave rise to actual or feared persecution, and the Board affirmed that factual finding. *See Sanjaa v. Sessions*, 863 F.3d 1161, 1164–65 (9th Cir. 2017). Contreras identifies no evidence in the record that compels a contrary conclusion.

2. To establish eligibility for CAT relief, an applicant must establish that it

is more likely than not that she would suffer torture "by, or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity." 8 C.F.R § 1208.18(a)(l); *see Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1201 (9th Cir. 2023). Contreras argues that the Board erred by engaging in improper factfinding as to whether the harm she had suffered constituted torture. But she does not meaningfully challenge the Board's determination that she failed to establish government acquiescence in any harm. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). That failure is dispositive of her CAT claim.

**PETITION DENIED.**