*Saldana-Jimenez v. Bondi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

———————————————————————

JUAN SALDANA-JIMENEZ,

> *Petitioner*,

> v.                                                              No. 24-1663

PAMELA BONDI, United States Attorney General,

> *Respondent*.

———————————————————————

For Petitioner: Anne E. Doebler, Buffalo, NY

For Respondent: Yaakov M. Roth, Acting Assistant Attorney General; Lisa M. Arnold, Senior Litigation Counsel; Christina R. Zeidan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the petition for review is **DENIED.**

Petitioner Juan Saldana-Jimenez, a native and citizen of Mexico, seeks review of a June 5, 2024 BIA decision affirming a January 25, 2021 decision of an Immigration Judge ("IJ") denying his application for cancellation of removal under 8 U.S.C. § 1229b(b). *In re Juan Saldana-Jimenez*, No. A087 946 637 (B.I.A. Jun. 5, 2024), *aff'g*, No. A087 946 637 (Immigr. Ct. Buffalo Jan. 25, 2021). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

"A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). To exhaust a claim, the petitioner must put the BIA on notice of the challenge, and the BIA must have the opportunity to address the issue. *See*

2

*Lianping Li v. Lynch*, 839 F.3d 144, 148–49 (2d Cir. 2016) (holding that petitioner failed to exhaust all administrative remedies available as required by section 1252(d)(1) because she did not raise the issue to the BIA, and the BIA was therefore unable to address the issue in its decision). Even a challenge to the BIA's prior interpretation of a statute must be administratively exhausted. *See Grullon v. Mukasey*, 509 F.3d 107, 109 (2d Cir. 2007), *as amended* (Jan. 7, 2008).

The Supreme Court has held that the exhaustion requirement set forth in section 1252(d)(1) is "not jurisdictional," but rather a "quintessential claim-processing rule." *Santos-Zacaria v. Garland*, 598 U.S. 411, 417 (2023) (quoting *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 154–155 (2013)). Nonetheless, the exhaustion requirement is still "mandatory in the sense that a court must enforce the rule if a party properly raises it." *Ud Din v. Garland*, 72 F.4th 411, 419 (2d Cir. 2023) (quoting *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 549 (2019)). Mandatory claim-processing rules "assure relief to a party properly raising them," *Eberhart v. United States*, 546 U.S. 12, 19 (2005), even though they do not divest a court of jurisdiction or "adjudicatory authority," *Santos-Zacaria*, 598 U.S. at 416.

In his petition for review, Saldana-Jimenez challenges – for the first time – the BIA's interpretation of the term "exceptional and extremely unusual

3

hardship," which appears in 8 U.S.C. § 1229b(b)(1)(D) – the statute pertaining to removability and cancellation of removal for nonpermanent residents. In essence, Saldana-Jimenez argues that this Court should reinterpret the hardship standard following the Supreme Court's opinion in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), which abrogated the previous rule of deference to be accorded certain agency statutory interpretations under *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). He urges that we adopt a broader interpretation of "hardship" than that articulated by the BIA in a litany of pre–*Loper Bright* cases. *See Matter of Monreal*, 23 I&N Dec 56 (BIA 2001); *Matter of Recinas,* 23 I&N Dec. 467 (BIA 2002); *Matter of Andazola,* 23 I&N Dec. 319 (BIA 2002); *Matter of J-J-G-,* 27 I&N Dec. 808 (BIA 2020).

But in his appeal to the BIA, Saldana-Jimenez never argued that *Matter of Monreal* or the other BIA decisions were wrongly decided. He simply maintained that the facts of his case were distinguishable from those in *Matter of Monreal* and the other BIA decisions. As a result, the BIA did not have the opportunity to address the argument that it had wrongly interpreted the "exceptional and extremely unusual hardship" standard in *Matter of Monreal.*

4

Surely the BIA could have considered Saldana-Jimenez's statutory argument had he raised it. The BIA is authorized to reconsider its previous holdings through an *en banc* call or through certification of the question to the Attorney General. *See* 8 C.F.R. § 1003.1(g); *see also Grullon*, 509 F.3d at 113. But Saldana-Jimenez's failure to raise the issue deprived the BIA of the opportunity to reconsider its prior interpretation of section 1229b(b)(1)'s hardship standard.

Because Saldana-Jimenez was statutorily required to exhaust his argument regarding the interpretation of the "exceptional and extremely unusual hardship" standard to the BIA before appealing to this Court, and because the government properly asserted that he had failed to exhaust that argument, we must enforce the exhaustion requirement set forth in section 1252(d). *See Ud Din*, 72 F.4th at 419. We therefore decline to consider this argument further.

In addition to his *Loper Bright* claim, Saldana-Jimenez argues that the BIA misapplied its existing hardship standard, as articulated in *Matter of Monreal* and other BIA cases, to the facts of his case. In *Matter of Monreal*, the BIA ruled that to constitute "exceptional and extremely unusual hardship" under section 1229b(b)(1)(D), the hardship to a qualifying relative must be "'substantially beyond that which ordinarily would be expected to result from'" a nonpermanent

5

resident's removal. 23 I&N Dec at 59 (quoting H.R. Conf. Rep. 104-828 at 213 (1996)). Saldana-Jimenez contends that the BIA erred in concluding that he failed to demonstrate that his removal would result in such hardship to his daughter. We disagree. We recognize that Saldana-Jimenez's daughter may experience some emotional and financial hardship as a result of his removal. But on the facts as found by the IJ, which the BIA accepted and which Saldana-Jimenez does not contest, this case is not materially distinguishable from the cases on which the agency relied, and the hardships outlined – such as family separation, financial hardship, and decreased educational opportunity – are "simply not substantially different from those that would normally be expected." *Toalombo Yanez v. Bondi*, 140 F.4th 35, 46 (2d Cir. 2025). Accordingly, we identify no clear error in the BIA's conclusion that Saldana-Jimenez failed to demonstrate hardship that was "exceptional and extremely unusual" under the currently applicable standards. *Id.* at 43–45.

\* \* \*

For the reasons stated above, Saldana-Jimenez's petition for review is

**DENIED**.  His pending motion for a stay of removal in this petition is **DENIED** as

moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court